WILLIAMS v ARBOR HOME, INC

Docket No. 225693. Submitted May 15, 2002, at Detroit. Decided December 17, 2002, at 9:10 A.M. Leave to appeal sought.

David Williams brought a tort action in the Wayne Circuit Court against Arbor Home, Inc. After the defendant served the plaintiff with notice of nonparty fault pursuant to MCR 2.112(K)(3) and MCL 600.2957, the plaintiff, without seeking leave of the court, amended his complaint to add Michigan Elevator Company as a party defendant. After the plaintiff refused to provide discovery and then disappeared, the court entered an order stating that the action would be dismissed unless the plaintiff was produced for a deposition within thirty days. After the plaintiff failed to appear for a deposition within the thirty-day period, the court, Kathleen I. MacDonald, J., dismissed the action with prejudice and later denied the plaintiff's motion for relief from the order of dismissal. The plaintiff appealed as of right more than twenty-one days after the trial court's order of dismissal and more than twenty-one days after the denial of his motion for postjudgment relief.

The Court of Appeals *held*:

1. A party may take an appeal of right from a final order. A final order in a civil action is the first order that disposes of all the claims and adjudicates the rights and liabilities of all the parties. Unless otherwise provided by law, an appeal of right must be taken within twenty-one days after entry of the judgment or order appealed from or within twenty-one days of an order denying a motion for postjudgment relief, if the motion was filed within the twenty-one day period or within further time the trial court may have allowed during the twenty-one day period. In this case, the plaintiff did not receive an extension of time from the court to file his motion for postjudgment relief.

2. The trial court's order of dismissal was a final order for which the plaintiff has forfeited his appeal of right by not timely filing the appeal. The order of dismissal was a final order because it dismissed the claims against Arbor Home and Arbor Home was the only true defendant in the action inasmuch as Michigan Elevator was never validly added as a party because the plaintiff did not seek from the trial court leave to file the amended complaint pur-

portedly adding Michigan Elevator as a party. MCL 600.2957(2) states: "Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading adding 1 or more causes of action against that nonparty." MCR 2.112(K)(4) does not specifically mention whether leave of the court is required in providing: "A party served with notice [of a nonparty's fault] under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty." The court rule and the statute are not in conflict. The statute merely includes more detail than the court rule. Reading the court rule and the statute in conjunction, leave of the court is required before an amended pleading adding a nonparty becomes effective.

Appeal dismissed.

O'CONNELL, J., concurring in part and dissenting in part, agreed that the sole issue in this case involves the application of MCR 2.112(K)(4) and that the plaintiff's amended complaint complies with the requirements of MCR 2.112(K). However, Judge O'CONNELL would hold that a conflict exists between MCR 2.112(K)(4) and MCL 600.2957(2) and that the conflict should be resolved in favor of the court rule because the conflict involves a matter of procedure. The plaintiff, who followed the court rule, should not be denied access to the appellate courts. The majority's decision also subjects attorneys to legal malpractice suits for precisely following the court rule.

PLEADINGS — TORTS — AMENDMENTS — ADDITION OF NONPARTIES AT FAULT.

A tort plaintiff who receives from a defendant notice of fault of a nonparty must seek leave of the court in order to add the nonparty as a party defendant (MCL 600.2957; MCR 2.112[K][3]).

*Posner, Posner and Posner* (by *Samuel Posner* and *Gerald F. Posner*) for David Williams.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Michael L. Updike*) for Arbor Home, Inc.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Ronald S. Lederman*), for Michigan Elevator Company.

Before: WHITBECK, C.J., and O'CONNELL and METER, JJ.

METER, J. Plaintiff appeals as of right from an order of dismissal and a subsequent order denying his motion for relief from the order of dismissal. We dismiss plaintiff's appeal for lack of jurisdiction.

After plaintiff refused to provide discovery and then disappeared, the court entered an order stating that the case would be dismissed unless plaintiff was produced for a deposition within thirty days. Plaintiff did not appear within this period, and the trial court entered an order dismissing the case with prejudice on December 21, 1999. The court later denied plaintiff's motion for relief from that order.

A party may take an appeal of right from a final order. MCR 7.203(A)(1). A final order in a civil action is the first order "that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order."[1] MCR 7.202(7)(a)(i). Unless otherwise provided by law, an appeal of right must be taken within twenty-one days after entry of the judgment or order appealed from or within twenty-one days of an order denying a motion for postjudgment relief, if the motion was filed within the twenty-one day appeal period or "within further time the trial court may have allowed during that 21-day period." MCR 7.204(A)(1). These time limits are jurisdictional. MCR 7.204(A).

Plaintiff filed his claim of appeal on March 3, 2000, more than twenty-one days after the December 21, 1999, order of dismissal. Plaintiff also filed his motion for postjudgment relief more than twenty-one days

---

[1] There are exceptions to this definition for receivership and similar actions. See MCR 7.202(7)(a)(ii) and MCR 2.604(B).

after December 21, 1999, and he did not receive an extension of time from the court to file the motion. Accordingly, if the December 21, 1999, order constituted a final order, then plaintiff forfeited his appeal of right.

Plaintiff contends that the December 21, 1999, order was *not* in fact a final order because it disposed only of the claims against Arbor Home, Inc. (AH), and not the claims against Michigan Elevator Company (MEC). Defendants, on the other hand, argue that the December 21, 1999, order was a final order because (1) it dismissed the claims against AH and (2) AH was the only true defendant in the case. Defendants contend that MEC was never validly added as a party because plaintiff did not seek leave of the court to file the amended complaint that purportedly added MEC as a party.

Because plaintiff attempted to add MEC as a party after AH filed a notice of nonparty fault under MCR 2.112(K)(3) and MCL 600.2957, our resolution of this case involves the application of MCR 2.112(K)(4) and MCL 600.2957(2), which govern the filing of an amended complaint against an identified nonparty. This Court reviews de novo issues of statutory and court rule construction. *Staff v Johnson*, 242 Mich App 521, 527; 619 NW2d 57 (2000). Moreover, "Jurisdiction is a question of law that this Court reviews de novo." *Bass v Combs*, 238 Mich App 16, 23; 604 NW2d 727 (1999).

MCR 2.112(K)(4) states:

> Amendment Adding Party. A party served with notice [of a nonparty's fault] under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that

nonparty. The court may permit later amendment as pro-
vided in MCR 2.118.

MCL 600.2957(2) states, in relevant part, "Upon
motion of a party within 91 days after identification
of a nonparty, the court shall grant leave to the mov-
ing party to file and serve an amended pleading alleg-
ing 1 or more causes of action against that nonparty."

Plaintiff contends that the court rule and the stat-
ute are in conflict, with the court rule allowing an
amended complaint to take effect without leave of
the court and the statute allowing an amended com-
plaint to take effect only with leave of the court.
Plaintiff contends that because the conflict involves
an issue of procedure, the court rule should prevail.
See *Staff, supra* at 531. Defendants, on the other
hand, contend that the court rule and the statute are
*not* in conflict and that the statute merely includes
more detail than the court rule. We agree with
defendants.

As noted in *Staff, supra* at 530, "To determine
whether there is a real conflict between a statute and
a court rule, both are read according to their plain
meaning." The court rule plainly allows a plaintiff to
file an amended complaint adding a nonparty but
*does not specifically mention* whether leave of the
court is also required. The statute, on the other hand,
states that leave of the court is indeed required. As
argued by defendants, the statute therefore merely
includes more detail than the court rule. Moreover,
the court rule specifically refers to MCL 600.2957, see
MCR 2.112(K)(1), and the statute is again specifically
mentioned in the staff comment to the 1997 amend-

ment of MCR 2.112.[2] The staff comment to the 1997 amendment indicates that the court rule was essentially meant to implement the statute. Reading the court rule and the statute in conjunction, we conclude that leave of the court is indeed required before an amended pleading adding a nonparty becomes effective.

Because plaintiff did not seek leave of the court to add MEC as a party, MEC was never properly added to this lawsuit.[3] Accordingly, we conclude upon our review de novo that the December 21, 1999, order was indeed the final order in this case. Therefore, plaintiff forewent his appeal by right.

Plaintiff's appeal is dismissed.

WHITBECK, C.J., concurred.

O'CONNELL, J. (*concurring in part and dissenting in part*). I respectfully dissent. I concur with the majority opinion that the sole issue in this case involves the application of MCR 2.112(K)(4). I also concur with the majority opinion that plaintiff's amended complaint complies with the requirements set forth in MCR 2.112(K). However, I disagree with the majority's opinion that there exists no conflict between MCR 2.112(K)(4) and MCL 600.2957(2). I also disagree with the majority's conclusion that plaintiff, who complied with the requirements of the court rule, should be denied access to the appellate

---

[2] The 1997 amendment added MCR 2.112(K).

[3] We note that MEC made the argument below that it was never properly added as a party, but the trial court did not directly address the argument because it concluded that the dismissal of plaintiff's case for discovery violations applied to any and all parties to the lawsuit.

courts. Therefore, I would allow the appeal to proceed.

In my opinion, the majority achieves three unacceptable results in this case. First, the decision is in conflict with *Staff v Johnson*, 242 Mich App 521; 619 NW2d 57 (2000) (HOOD, P.J., writing for the majority; O'CONNELL, J., dissenting on other grounds). Second, the majority effectively denies plaintiff any appellate review of the lower court decision because plaintiff followed the court rules exactly. Third, the decision subjects numerous Michigan attorneys to malpractice claims for the common practice of filing an amended complaint without leave granted. In *Staff, supra* at 531, Judge HOOD held that MCR 2.112(K) and MCL 600.2957(2) were in conflict. Then, Judge HOOD concluded, "the conflict between the court rules and the statute is resolved in favor of the court rules because it involves a matter of procedure." *Staff, supra* at 533, citing *McDougall v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999). The majority, using what can best be described as a process of smoke and mirrors, concludes that the present subsections of the court rules and the statute are not in conflict. I prefer to use previous case law that is exactly on point to conclude that a conflict exists.[1] I also note that this issue would not exist unless the parties had already confronted this conflict between the statute and the court rule.

In my opinion, the conflict is extremely simple.[2] The court rule provides that under the present factual situation, leave of the court is not required to file an

---

[1] I note that under the no conflict court rule, MCR 7.215(I)(1), we are bound by our decision in *Staff*.

[2] Assuming the majority position is correct that there is no conflict, MCL 600.2957(2) does not *require* a motion to be filed to amend the com-

amended complaint. MCR 2.112(K)(4). On the other hand, the statute implies that leave of the court must be obtained before filing an amended complaint. MCL 600.2957(2). Ordinary common sense dictates that either plaintiff is required to obtain leave of the court to file an amended complaint, or plaintiff is not required to obtain leave of the court. Hence, a conflict exists. I concur with Judge HOOD's conclusion in *Staff, supra,* that the issue whether a plaintiff must file for leave to amend a complaint is a matter of procedure, and, therefore, the court rule controls. See also *McDougall, supra.*

Even if I accepted the majority's dubious logic concerning the interplay between the statute and the court rule, I would not penalize the plaintiff for precisely following the court rule. The unintended consequence of the majority's opinion is that numerous competent attorneys in this state will now be subject to legal malpractice lawsuits for precisely following the court rules.

In my opinion, plaintiff should be allowed access to the appellate courts to argue his substantive appellate issues. Therefore, I would allow the appeal to proceed.

---

plaint. It does mandate that *if* a motion to amend is filed within ninety-one days, the judge *shall* grant the motion.