# STATE OF MICHIGAN

# COURT OF APPEALS

PAULETTE STENZEL,

      Plaintiff-Appellant,

v

BEST BUY COMPANY, INC. and SAMSUNG
ELECTRONICS AMERICA, INC.,

      Defendants-Appellees.

FOR PUBLICATION
December 22, 2016
9:00 a.m.

No. 328804
Ingham Circuit Court
LC No. 14-000527-NO

Before: M. J. KELLY, P.J., and O'CONNELL and BECKERING, JJ.

M. J. KELLY, P.J.

Plaintiff Paulette Stenzel appeals as of right the trial court's orders granting summary disposition in favor of defendants Best Buy Company Incorporated (Best Buy) and Samsung Electronics America Incorporated (Samsung). For the reasons stated in this opinion, we affirm the trial court's order granting summary disposition in favor of Samsung but reverse the trial court's order granting summary disposition in favor of Best Buy.

## I. BASIC FACTS

This case arises from Stenzel's purchase of a Samsung refrigerator/freezer (the refrigerator) from Best Buy. According to Stenzel, Best Buy delivered the appliance to her home and installed it. As part of the installation, Best Buy connected the refrigerator's ice maker and water dispenser to the existing water line in the home. About two days later, Stenzel returned home to find that the refrigerator had begun spraying water through the dispenser on its front door and onto her kitchen floor. Stenzel unsuccessfully attempted to stop the water by adjusting a water or ice dispenser lever, pressing buttons on the control panel, and, at the direction of a Best Buy employee, trying to disconnect the flow of water to the refrigerator using a valve at the back of the appliance. When none of those steps worked, the Best Buy employee directed her to shut off the water line for her home, which she did after climbing a ladder in her basement into a crawl space under her kitchen. Stenzel testified that when she was in the crawl space, she discovered that water had leaked through the floor into the crawl space. Further, she testified that the coating of water in the kitchen extended partially around an island counter that was three and a half to four feet away from the refrigerator.

-1-

Stenzel testified that she was frantic to clean up the standing water because she was concerned about water damage. She explained that she took every towel available and covered almost the entire surface where water had been standing. Stenzel testified that at first she attempted to wring the wet towels out in the sink, but there was too much water. She then put some of the towels in a lattice laundry basket. Because it was heavy with water and wet towels, she dragged the basket through her living room, down two steps in her sunroom, and across the sunroom in order to get the towels outside. After hanging the towels, she returned for a second load. According to Stenzel, this time when she was walking through her sunroom, attempting to drag the basket outside, her "foot went out from under [her]" and she fell and broke her leg and ankle. She testified that she fell because her feet were wet or because the floor in the sunroom was wet from dragging the basket of wet towels through the room.

In April 2014, Stenzel brought suit against Best Buy, alleging negligence, breach of contract, and breach of warranty. In May 2015, she amended her complaint to add claims against Samsung. Best Buy moved for summary disposition, which the trial court granted in April 2015 after finding that Stenzel had failed to establish causation. Samsung also moved for summary disposition, which the trial court granted in July 2015 after finding that Stenzel had again failed to establish causation and that her claims against Samsung were barred by the statute of limitations.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Stenzel argues that the trial court erred in granting summary disposition in favor of Best Buy and Samsung. This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 279; 769 NW2d 234 (2009). Under MCR 2.116(C)(10), a party may be entitled to summary disposition if there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Id*. at 278. All documentary evidence submitted by the parties is considered in the light most favorable to the nonmoving party. *Id*.

### B. CAUSATION

In order to establish causation, a plaintiff must establish both cause in fact and legal cause, i.e. proximate cause. *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994). "The cause in fact element generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred." *Id*. at 163. Legal cause "normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. Here, the trial court found that Stenzel had failed to establish either cause in fact or proximate cause.

In *Skinner*, our Supreme Court explained:

> The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the

probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant. [*Id*. at 165 (quotation and internal quotation marks omitted).]

Here, the record reflects that a significant quantity of water leaked from the refrigerator and onto the floor. While cleaning that water up to prevent water damage, Stenzel slipped in her sunroom on what she described as "wet." Although she was not certain whether the wet came from water on her foot or whether it came from water on the floor, she was absolutely certain that it was from one or the other. Her testimony further established that she was barefoot while cleaning up and that she had attempted to clean the water up by laying down towels, which she then dragged through the sunroom in a lattice laundry basket. Viewed in the light most favorable to Stenzel, a reasonable jury could infer that it is more likely than not that water leaked from the laundry basket onto the floor while she was dragging the basket out. Alternatively, a jury could infer that it is more likely than not that Stenzel's feet were wet because of the water in the kitchen which came from the refrigerator.[1] Accordingly, on this record, but for Best Buy and Samsung's alleged negligence, Stenzel would not have had water on either her feet or on the floor in the sunroom and she would not have fallen while cleaning up the water caused by the defective refrigerator. The trial court erred in dismissing the case based on a finding of no cause in fact.

Best Buy and Samsung argue that even if cause in fact is established, Stenzel still failed to establish proximate cause because it was not foreseeable that she would injure herself in a different room after she succeeded in stopping the water from spraying from the refrigerator. Proximate cause is "such cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred." *Babula v Robertson*, 212 Mich App 45, 54; 536 NW2d 834 (1995). In order for an injury to be proximately caused by a defendant's actions, "the injury must be the natural and probable consequence of a negligent act or omission, which under the circumstances, an ordinary prudent person ought reasonably to have foreseen might probably occur as a result of his negligent act." *Dawe v Bar-Levav & Assoc (On Remand)*, 289 Mich App 380, 393-394; 808 NW2d 240 (2010) (internal quotation marks and citations omitted). Proximate cause is usually a factual issue to be decided by the trier of fact, but if the facts bearing on proximate cause are not disputed and if reasonable minds could not differ, the issue is one of law for the court. *Nichols v Dobler*, 253 Mich App 530, 532; 655 NW2d 787 (2002).

In this case, the conduct that created a risk of harm was either Best Buy installing the appliance improperly or Samsung providing a defective appliance, causing water to spray from the appliance and onto the kitchen floor. A "foreseeable, natural, and probable consequence" of

---

[1] Samsung suggests that the "wet" on Stenzel's feet could have come from outside. However, there is nothing in the record that indicates whether there was anything outside that could have caused Stenzel's feet to become wet, i.e., there is no testimony that it was raining, that the grass outside was wet, etc. Therefore, given that this theory is based wholly on speculation with no basis in the record, it is not sufficient to establish a genuine dispute of fact with regard to where the water on Stenzel's feet came from.

water on the floor is that someone may slip and fall after coming into contact with the water. The fact that Stenzel slipped and fell in the sunroom, not the kitchen, after she saw the water and stopped it from flowing from the refrigerator is not an intervening cause breaking the chain of causation because the intervening act, i.e., cleaning up the mess, was reasonably foreseeable. See *McMillian v Vliet*, 422 Mich 570, 576; 374 NW2d 679 (1985) ("An intervening cause breaks the chain of causation and constitutes a superseding cause which relieves the original actor of liability, unless it is found that the intervening act was 'reasonably foreseeable.' "). Moreover, the fact that Stenzel slipped after becoming aware of the water goes to whether or not she was comparatively at fault, which is a question of fact for the jury. See *Poch v Anderson*, 229 Mich App 40, 51; 580 NW2d 456 (1998). Accordingly, on this record, the trial court erred in granting summary disposition on the basis that there was no proximate cause.

## C. AMENDMENT ADDING SAMSUNG

Stenzel also argues that the trial court erred in dismissing her claims against Samsung on the grounds that the claims were barred by the statute of limitations. The statute of limitations for product liability or negligence claims is three years. MCL 600.5805(10), (13). Stenzel's claim against Samsung was filed outside the limitations period. However, she argues that because she added Samsung as a party within 91 days of Samsung being named as a nonparty at fault, her amended complaint relates back to the date of her original complaint, which was filed within the limitations period. Samsung, however, argues that because Stenzel amended her complaint without leave of the court under MCR 2.112(K)(4), the relation-back provision in MCL 600.2957(2) does not apply.

MCL 600.2957(2) provides:

> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

"MCR 2.112(K) was essentially intended to implement MCL 600.2957." *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 324; 661 NW2d 248 (2003). MCR 2.112(K)(2) provides that "the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule." MCR 2.112(K)(3) sets for the requirements that a party must follow in order to allege that a nonparty is wholly or partially at fault. MCR 2.112(K)(4), the provision at issue in this case, provides what an opposing party must do after receiving notice of a nonparty at fault. It provides:

> (4) A party served with a notice under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty. The court may permit later amendment as provided in MCR 2.118.

Notably, unlike the statute, the court rule does not require leave of the court to file an amended complaint adding a nonparty if the amended complaint is filed within 91 days of the notice identifying the nonparty. Further, unlike the statute, the court rule does not expressly provide that the amended complaint will relate back to the date of the original complaint.

This case is controlled by the holding in *Williams v Arbor Home, Inc*, 254 Mich App 439; 656 NW2d 873 (2002), vacated in part on other grounds 469 NW2d 898 (2003). In that case we addressed whether an amended pleading adding a nonparty is effective in the absence of a motion seeking leave of the court to amend the pleadings. We concluded that:

> The court rule plainly allows a plaintiff to file an amended complaint adding a nonparty but *does not specifically mention* whether leave of the court is also required. The statute, on the other hand, states that leave of the court is indeed required. As argued by defendants, the statute therefore merely includes more detail than the court rule. Moreover, the court rule specifically refers to MCL 600.2957, see MCR 2.112(K)(1), and the statute is again specifically mentioned in the staff comment to the 1997 amendment of MCR 2.112.. The staff comment to the 1997 amendment indicates that the court rule was essentially meant to implement the statute. *Reading the court rule and the statute in conjunction, we conclude that leave of the court is indeed required before an amended pleading adding a nonparty becomes effective.*
>
> Because plaintiff did not seek leave of the court to add MEC as a party, MEC was never properly added to this lawsuit. [*Id*. at 443-444 (second emphasis added).]

Under *Williams*, Samsung was never properly added to the lawsuit because Stenzel did not seek leave of the court to add it as a party.

Were we not bound by *Williams*,[2] we would follow the reasoning of Judge O'CONNELL in his partial dissent in *Williams*, 254 Mich App 439. In *Williams*, Judge O'CONNELL stated:

> I concur with the majority opinion that the sole issue in this case involves the application of MCR 2.112(K)(4). I also concur with the majority opinion that plaintiff's amended complaint complies with the requirements set forth in MCR 2.112(K). However, I disagree with the majority's opinion that there exists no conflict between MCR 2.112(K)(4) and MCL 600.2957(2). I also disagree with the majority's conclusion that plaintiff, who complied with the requirements of the court rule, should be denied access to the appellate courts. Therefore, I would allow the appeal to proceed.

---

[2] See MCR 7.215(J)(2).

In my opinion, the majority achieves three unacceptable results in this case. First, the decision is in conflict with *Staff v Johnson*, 242 Mich App 521; 619 NW2d 57 (2000) (HOOD, P.J., writing for the majority; O'CONNELL, J., dissenting on other grounds). Second, the majority effectively denies plaintiff any appellate review of the lower court decision because plaintiff followed the court rules exactly. Third, the decision subjects numerous Michigan attorneys to malpractice claims for the common practice of filing an amended complaint without leave granted. In *Staff, supra* at 531, Judge HOOD held that MCR 2.112(K) and MCL 600.2957(2) were in conflict. Then, Judge HOOD concluded, "the conflict between the court rules and the statute is resolved in favor of the court rules because it involves a matter of procedure." *Staff, supra* at 533, citing *McDougall v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999). The majority, using what can best be described as a process of smoke and mirrors, concludes that the present subsections of the court rules and the statute are not in conflict. I prefer to use previous case law that is exactly on point to conclude that a conflict exists. I also note that this issue would not exist unless the parties had already confronted this conflict between the statute and the court rule.

In my opinion, the conflict is extremely simple. The court rule provides that under the present factual situation, leave of the court is not required to file an amended complaint. MCR 2.112(K)(4). On the other hand, the statute implies that leave of the court must be obtained before filing an amended complaint. MCL 600.2957(2). Ordinary common sense dictates that either plaintiff is required to obtain leave of the court to file an amended complaint, or plaintiff is not required to obtain leave of the court. Hence, a conflict exists. I concur with Judge HOOD'S conclusion in *Staff, supra*, that the issue whether a plaintiff must file for leave to amend a complaint is a matter of procedure, and, therefore, the court rule controls. See also *McDougall, supra*.

Even if I accepted the majority's dubious logic concerning the interplay between the statute and the court rule, I would not penalize the plaintiff for precisely following the court rule. The unintended consequences of the majority's opinion is that numerous competent attorneys in this state will now be subject to legal malpractice lawsuits for precisely following the court rules.

In my opinion, plaintiff should be allowed access to the appellate courts to argue his substantive appellate issues. Therefore, I would allow the appeal to proceed. [*Williams*, 254 Mich App at 444-446 (O'CONNELL, J., dissenting in part).]

Following that approach, we would conclude that because Stenzel followed the requirements set forth in MCR 2.112(K)(4), she properly added Samsung as a party and her amended complaint was timely because it related back to the date of her original complaint.[3] However, because we

---

[3] Alternatively, we conclude that *Williams* was wrongly decided for the reasons stated by Judge ZAHRA in his concurrence in *Bint v Doe*, 274 Mich App 232; 732 NW2d 156 (2008). In *Bint*, Judge ZAHRA stated:

> I write separately because I disagree with the conclusion reached in *Staff v Johnson*, 242 Mich App 521; 619 NW2d 57 (2000), that there is a conflict between MCR 2.112(K) and MCL 600.2957(2).
>
> In *Staff*, the plaintiff argued that MCL 600.2957(2) extended the period of limitations for parties added pursuant to MCR 2.112(K). *Staff*, *supra* at 530. This Court rejected the literal meaning of the statute and concluded that the statute conflicts with the court rule. *Id*. at 531. This Court further concluded that statutes of limitations are procedural, and, therefore, the court rule prevails over the statute. *Id*. at 533.
>
> *Staff* wrongly concluded that a conflict exists between the court rule and the statute. A conflict does not exist merely because the court rule uses the permissive word "may" while the statute uses the mandatory word "shall." The court rule addresses the conduct of the parties. A party served with a notice of a nonparty being at fault may file an amended pleading within 91 days of receipt of the notice. The permissive word "may" is used in the court rule because a plaintiff controls his or her pleadings and cannot be required to amend a complaint. By contrast, the statute is directed at the conduct of the court. The statute provides that if a plaintiff elects to file a motion to amend within 91 days of receipt of a notice of a nonparty being at fault, the court "shall grant leave to the moving party. . . ." MCL 600.2957(2).
>
> The statute and the court rule are consistent. The plaintiff may elect to amend the complaint. If the plaintiff so elects, the court shall grant the amendment. There being no conflict between the statute and the court rule, we are bound to implement the remainder of MCL 600.2957(2), which provides that a "cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action."
>
> Applying this statutory provision to the facts of the present case, it is clear that the cause of action asserted against defendants, although brought nine years after the events occurred, is timely because the claim against defendants, had it been asserted in the original action, would have been timely. If the Legislature did not intend such stale claims to be initiated under MCL 600.2957(2), it is for

-7-

are bound by *Williams*, we affirm the trial court's order and request this Court to convene a special conflict panel, MCR 7.215(J)(2).

Affirmed in part and reversed in part.

/s/ Michael J. Kelly
/s/ Peter D. O'Connell
/s/ Jane M. Beckering

---

the Legislature, not the courts, to say so. [*Bint*, 274 Mich App at 237-238 (ZAHRA P.J., concurring).]

We recognize that in his *Williams* dissent Judge O'CONNELL found that *Staff* correctly identified a conflict between the court rule and the statute, whereas in his *Bint* concurrence Judge ZAHRA found that there was no conflict. However, we believe that, regardless of whether there is a conflict between the court rule and the statute, *Williams* was wrongly decided. If there is a conflict between the court rule and the statute, then *Williams* was wrongly decided for the reasons stated by Judge O'CONNELL in his *Williams* dissent. If there is no conflict between the court rule and the statute, then *Williams* was wrongly decided for the reasons stated by Judge ZAHRA in his concurrence in *Bint*.