# STATE OF MICHIGAN

# COURT OF APPEALS

PAULETTE STENZEL,

Plaintiff-Appellant,

v

BEST BUY COMPANY, INC., and SAMSUNG
ELECTRONICS AMERICA, INC.,

Defendants-Appellees.

FOR PUBLICATION
June 27, 2017
9:00 a.m.

No. 328804
Ingham Circuit Court
LC No. 14-000527-NO

Before: SERVITTO, P.J., and MURPHY, CAVANAGH, FORT HOOD, BORRELLO, GLEICHER, and SHAPIRO, JJ.

MURPHY, J.

Pursuant to MCR 7.215(J), this special panel was convened to resolve a conflict between the prior opinion issued in this case, *Stenzel v Best Buy Co, Inc*, __ Mich App __; __ NW2d __ (2016), vacated solely with respect to part II(C) of the opinion __ Mich App __ (2017), and this Court's opinion in *Williams v Arbor Home, Inc*, 254 Mich App 439; 656 NW2d 873 (2002), vacated in part on other grounds 469 Mich 898 (2003). The conflict concerns the proper interpretation of and interplay between MCL 600.2957(2) and MCR 2.112(K)(4) in regard to the process of amending a pleading to add a party previously identified as a nonparty at fault and the effect of the process on the relation-back language of the statute for purposes of the governing period of limitations. We hold that there exists a conflict, on a matter of procedure, between the provisions of the court rule and the statute relative to whether a party must file a motion for leave to amend a pleading to add an identified nonparty at fault to an action, as provided by MCL 600.2957(2), or may simply file an amended pleading as a matter of course or right, as provided by MCR 2.112(K)(4), absent the need to seek court authorization for the amendment. There is no conflict between the statute and the court rule on the substantive principle and intended outcome that a party will in fact be given an opportunity to pursue and litigate an amended pleading, assuming compliance with the 91-day deadline. We further hold that the Michigan Supreme Court, in crafting the court rule and with the goal of judicial expediency and efficiency, intended to alter or streamline the process outlined by the Legislature, allowing a party to directly file an amended pleading, instead of needlessly forcing the party to file a motion for leave to amend, which a court is mandated to grant under MCL 600.2957(2) without exception. We additionally hold that our Supreme Court, under its constitutional authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state," Const 1963, art 6, § 5, was indeed empowered to modify and simplify the process set forth by the Legislature

-1-

in MCL 600.2957(2). Finally, we hold that the relation-back provision contained in the second sentence of MCL 600.2957(2), which subject-matter was not addressed by the Supreme Court in MCR 2.112(K), is fully applicable, regardless of the fact that MCR 2.112(K)(4) ultimately controls the process with respect to amending a pleading to add an identified nonparty at fault. Accordingly, we reverse the trial court's order granting summary disposition in favor of defendant Samsung Electronics America, Inc.

## I. THE NATURE OF THE DISPUTE

As part of the 1995 tort reform legislation that eliminated joint and several liability in certain tort actions and required factfinders to allocate fault among all responsible tortfeasors, the Legislature enacted MCL 600.2957. See *Gerling Konzern Allgemeine Versicherungs AG v Lawson*, 472 Mich 44, 50-51; 693 NW2d 149 (2005) (discussing MCL 600.2957, as well as MCL 600.2956 and MCL 600.6304); see also 1995 PA 161 and 249, effective March 28, 1996. MCL 600.2957 provides, in pertinent part:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

As reflected in the first sentence of MCL 600.2957(2), the procedure for a party to amend a pleading in order to add an identified nonparty at fault to a pending lawsuit entails the filing of a motion for leave to amend the pleading within 91 days following the identification, which motion must be granted by the trial court without exception. There is no language in MCL 600.2957(2) that contemplates or envisions a party merely filing an amended pleading as a matter of course or right.[1] With respect to the second sentence of MCL 600.2957(2), any amendment of a pleading to add a cause of action against an identified nonparty at fault relates back to the date of the filing of the original action for purposes of assessing whether the applicable period of limitations has expired.

---

[1] To be clear, when we speak throughout this opinion of amending a pleading as a matter of course or right, we mean doing so absent the need to file a motion for leave to amend.

On November 6, 1996, the Michigan Supreme Court adopted MCR 2.112(K), adding the subsection to the court rule to address the statutory changes made pursuant to 1995 PA 161 and 249, which included the enactment of MCL 600.2957; subsection (K) was made effective February 1, 1997. See 453 Mich cxix (1996); MCR 2.112(K)(1) ("This subrule applies to actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death to which MCL 600.2957 and MCL 600.6304, as amended by 1995 PA 249, apply."); *Veltman v Detroit Edison Co*, 261 Mich App 685, 695; 683 NW2d 707 (2004); Staff Comment to 1997 Amendment of MCR 2.112. "MCR 2.112(K) was essentially intended to implement MCL 600.2957." *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 324; 661 NW2d 248 (2003). Under MCR 2.112(K)(3)(a), "[a] party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault." "The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault." MCR 2.112(K)(3)(b). While allowing for a later filing under certain circumstances, the notice must generally be filed "within 91 days after the party files its first responsive pleading." MCR 2.112(K)(3)(c). Finally, and most importantly for our purposes, MCR 2.112(K)(4) provides:

> A party served with a notice under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty. The court may permit later amendment as provided in MCR 2.118.

As reflected in MCR 2.112(K)(4), our Supreme Court did not indicate that a motion for leave to amend a pleading must be filed to add a claim against an identified nonparty at fault; rather, the Court simply provided that a party may directly file an amended pleading if done within the 91-day period. The Court did not speak to the issue of whether an amended pleading filed within the 91-day period relates back to the filing of the original pleading.

The nature or crux of the dispute regards whether a party seeking to amend a pleading to add an identified nonparty at fault to the lawsuit must file a motion for leave to amend, as indicated by the Legislature in the first sentence of MCL 600.2957(2), or whether the party may file an amended pleading as a matter of course or right, assuming it to be timely, as indicated by our Supreme Court in MCR 2.112(K)(4). And, in the context of resolving that dispute and of ultimate importance, is the question concerning the expiration of the applicable period of limitations and whether a filing will relate back to the filing date of the original pleading.

## II. THE *WILLIAMS* OPINION

In *Williams*, the plaintiff attempted to add Michigan Elevator Company (MEC) as a party through the filing of an amended complaint after Arbor Home, Inc., the originally-named defendant, filed a notice of nonparty fault, identifying MEC; the plaintiff did not file a motion for leave to amend his complaint. The plaintiff argued that MCL 600.2957(2) and MCR 2.112(K)(4) conflict and that the court rule prevails and governs because the matter concerns an issue of procedure. *Williams*, 254 Mich App at 442-443. The defendants maintained that the court rule and statute are not in conflict and that MCL 600.2957(2) merely includes more detail than MCR 2.112(K)(4). *Id.* at 443. The panel agreed with the defendants, reasoning as follows:

-3-

The court rule plainly allows a plaintiff to file an amended complaint adding a nonparty but *does not specifically mention* whether leave of the court is also required. The statute, on the other hand, states that leave of the court is indeed required. As argued by defendants, the statute therefore merely includes more detail than the court rule. Moreover, the court rule specifically refers to MCL 600.2957, see MCR 2.112(K)(1), and the statute is again specifically mentioned in the staff comment to the 1997 amendment of MCR 2.112. The staff comment to the 1997 amendment indicates that the court rule was essentially meant to implement the statute. Reading the court rule and the statute in conjunction, we conclude that leave of the court is indeed required before an amended pleading adding a nonparty becomes effective.

Because plaintiff did not seek leave of the court to add MEC as a party, MEC was never properly added to this lawsuit. Accordingly, we conclude upon our review de novo that the December 21, 1999, order was indeed the final order in this case. Therefore, plaintiff forewent his appeal by right. [*Id.* at 443-444.]

We note that the analysis in *Williams* was framed in terms of whether this Court had jurisdiction; there was no discussion regarding any period of limitations. Judge O'CONNELL dissented in part, contending that there is a conflict between the statute and the court rule, that the conflict concerns a matter of procedure, and that the court rule therefore controls. *Id.* at 445-446.

## III. THE PRIOR *STENZEL* OPINION

In the instant case, *Stenzel*, the plaintiff filed suit against Best Buy Company, Inc., in April 2014, alleging that Best Buy sold her a refrigerator/freezer which Best Buy installed, that the refrigerator/freezer later started spraying water onto her kitchen floor, and that due to either wet feet or a wet floor caused by the water, she subsequently fell in her sunroom and sustained injuries. In May 2015, the plaintiff amended her complaint to add Samsung Electronics America, Inc., the manufacturer of the refrigerator/freezer, as a party, doing so within 91 days of Samsung being identified in a notice as a nonparty at fault. The plaintiff did not file a motion for leave to amend the complaint. The trial court granted summary disposition in favor of Best Buy and Samsung, concluding that the plaintiff failed to create a genuine issue of material fact with respect to causation. The trial court also ruled that the plaintiff's claims against Samsung were barred by the applicable period of limitations, as measured by the date the amended complaint was filed, not the date on which the suit was first initiated against Best Buy. *Stenzel*, __ Mich App at __; slip op at 1-2, 4. This Court held that the trial court erred in regard to the issue of causation as to both Best Buy and Samsung, and that decision was not vacated and remains intact. *Id.* at __; slip op at 2-4.

With respect to the period of limitations, the plaintiff argued that because she had filed an amended complaint within 91 days of the notice identifying Samsung as a nonparty at fault, the amended complaint related back to the date of the original complaint, which had been filed within the applicable limitations period. Samsung contended that because the plaintiff filed her amended complaint without filing a motion for leave to amend, the relation-back provision in MCL 600.2957(2) did not apply. *Id.* at __; slip op at 4. The prior *Stenzel* panel found that

-4-

*Williams* was binding precedent and controlled, dictating a conclusion that Samsung was never properly added as a party to the action, considering that the plaintiff did not seek leave to add Samsung as a party. *Id.* at __; slip op at 5. If not constrained by the *Williams* decision, this Court indicated that it would have held that because the plaintiff followed the requirements of MCR 2.112(K)(4), she properly added Samsung as a party defendant, making her amended complaint timely under the relation-back provision of the statute. *Id.* at __; slip op at 7. In opining that *Williams* was wrongly decided, the Court stated that it agreed with the reasoning of Judge O'CONNELL in his partial dissent in *Williams*. *Stenzel*, __ Mich App at __; slip op at 5-6. In the alternative, the panel concluded that *Williams* was wrongly decided for the reasons expressed by then-Judge ZAHRA in his concurring opinion in *Bint v Doe*, 274 Mich App 232, 237-238; 732 NW2d 156 (2008).[2]

## IV. OUR ANALYSIS

### A. STANDARD OF REVIEW

We review de novo issues concerning the interpretation of statutes and court rules, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), rulings on motions for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), and questions regarding whether an action is barred by a period of limitations, *Caron v Cranbrook Ed Community*, 298 Mich App 629, 635; 828 NW2d 99 (2012).

### B. PRINCIPLES OF STATUTORY AND COURT-RULE CONSTRUCTION

In *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013), our Supreme Court articulated the principles that govern the interpretation or construction of a statute:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [Citations omitted.]

---

[2] Judge ZAHRA concluded that there is no conflict between the statute and the court rule, that a party can elect to directly file an amended complaint under the court rule, that if a motion for leave to amend is instead filed, a court is mandated to grant it under the statute, and that the statute's relation-back provision applies in either instance. *Bint*, 274 Mich App at 237-238.

"When called upon to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation." *Haliw v City of Sterling Hts*, 471 Mich 700, 704-705; 691 NW2d 753 (2005) (citation omitted); see also *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). "Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court." *Fleet Business*, 274 Mich App at 591 (citation omitted). Clear and unambiguous language contained in a court rule must be given its plain meaning and is enforced as written. *Id.*

"To determine whether there is a real conflict between a statute and a court rule, both are read according to their plain meaning." *Staff v Johnson*, 242 Mich App 521, 530; 619 NW2d 57 (2000).

## C. DISCUSSION

### 1. THE EXISTENCE OF A CONFLICT

"Rules of practice set forth in any statute, if not in conflict with any of these rules [Michigan Court Rules of 1985], are effective until superseded by rules adopted by the Supreme Court." MCR 1.104. Absent an inherent conflict between a court rule and a statute, there is no need to determine whether there was an infringement or supplantation of judicial or legislative authority. See *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 165; 665 NW2d 452 (2003); see also *Kaiser v Smith*, 188 Mich App 495, 499; 470 NW2d 88 (1991) (ruling that no conflict existed and that the court rule and statute could be read harmoniously).

Procedurally, there is a clear distinction in the law between amending a pleading as a matter of course or right and amending a pleading on leave granted; the latter requires the filing of a motion and approval by a court, while the former does not. See MCR 2.118(A)(1) and (2) (permitting a party to "amend a pleading once as a matter of course" within a set time period, but otherwise requiring "leave of the court" or written consent of an adverse party). Amendment by leave and amendment by right are two separate and distinct procedural mechanisms. And the Michigan Supreme Court, having exclusive authority with respect to all aspects of the court rules, Const 1963, art 6, § 5, and itself having established and adopted MCR 2.118, was unquestionably knowledgeable of the distinction when promulgating MCR 2.112(K) in its effort to implement MCL 600.2957(2). The Legislature, in drafting and enacting MCL 600.2957(2), made no mention of allowing or authorizing a party to file an amended pleading as a matter of course or right within the 91-day window following identification of a nonparty at fault. Instead, the Legislature couched the process to amend a pleading solely in terms of "leave," envisioning, first, the filing of a motion for leave to amend, followed by a court ruling that grants the motion. MCL 600.2957(2).

The process or procedure contemplated by the Legislature can accurately be characterized as wasteful in regard to time, energy, and resources, as to both the courts and litigants. Conceptually, under the statute, the process could potentially entail the filing and service of a motion for leave to amend a pleading, the filing and service of a response to the motion, the scheduling of a hearing, the service of a notice of hearing, an appearance by counsel at the hearing, oral arguments, and the court's preordained ruling as dictated by MCL 600.2957(2). See MCR 2.119 (motion practice). Our Supreme Court was of course familiar

with the language in MCL 600.2957(2), considering that it engaged in the process of adopting MCR 2.112(K)(4) for the specific purpose of implementing MCL 600.2957(2). Therefore, the Supreme Court appreciated that the statute only speaks of amendment of a pleading by way of motion and leave granted, certainly realizing that the procedure is unnecessarily cumbersome and not conducive to judicial expediency and efficiency, given that a trial court, ultimately, has no discretion whatsoever in its ruling and is required to grant leave without exception.

In our view, it would defy logic not to recognize or conclude that our Supreme Court, understanding the procedural difference between amendment by right and amendment by leave, intentionally deviated from the statutory language in order to streamline and simplify the process, allowing a party as a matter of right or course to amend a pleading within the 91-day period. The Supreme Court plainly did not deviate from the statutory language unwittingly or inadvertently. While there is no conflict between MCR 2.112(K)(4) and MCL 600.2957(2) with respect to the substantive principle and intended outcome that a party will in fact be given an opportunity to pursue and litigate an amended pleading, if done in timely fashion, there is a conflict concerning the amendment procedure itself. Although the conflict might be deemed hyper-technical, it is nonetheless a conflict, as the Legislature only contemplated amendment by leave and our Supreme Court called for amendment as a matter of course or right.[3]

The majority in *Williams* concluded that the court rule and statute do not conflict and that the statute merely includes more detail than the court rule. *Williams*, 254 Mich App at 443. We find this reasoning flawed for the reasons expressed above and because even a cursory reading of MCR 2.112(K) clearly reveals that it was the Supreme Court, and not the Legislature, providing the details, so as to allow a smooth implementation of MCL 600.2957(2), which was extremely short on details. Indeed, the whole purpose of adopting MCR 2.112(K) in response to MCL 600.2957 was to fill the vacuum left by the Legislature. See *Taylor v Mich Petroleum Technologies, Inc*, 307 Mich App 189, 197-198; 859 NW2d 715 (2014) (noting that the Legislature failed to define in MCL 600.2957[2] what constitutes an "identification of a nonparty" and failed to address who must make the identification and that our Supreme Court later supplied the answers and details by promulgating the amendment to MCR 2.112). In sum, we hold, contrary to the ruling in *Williams*, that a conflict exists between MCL 600.2957(2) and MCR 2.112(K)(4) with respect to the procedure to amend a pleading to add an identified nonparty at fault.

## 2. PRACTICE AND PROCEDURE OR A MATTER OF SUBSTANTIVE LAW

Having concluded that a conflict exists, the next question that must be answered concerns whether the Supreme Court had the authority to override or supersede the Legislature and modify and simplify the amendment process. This is not a difficult question to resolve. Again, the Michigan Constitution, art 6, § 5, provides that "[t]he supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state[,]" and MCR 1.104 states that statutory rules of practice "are effective until superseded by rules

---

[3] We note that even if our assessment is wrong that the Supreme Court intentionally altered and simplified the amendment procedure, there would still remain a conflict.

adopted by the Supreme Court." In general, when a court rule conflicts with a statute, the court rule controls when the matter pertains to practice and procedure, but the statute prevails if the matter concerns substantive law. *People v McGuffey*, 251 Mich App 155, 165; 649 NW2d 801 (2002).

In *McDougall v Schanz*, 461 Mich 15, 26-27; 597 NW2d 148 (1999), the Supreme Court discussed Const 1963, art 6, § 5, and the Court's rule-making authority, observing:

> It is beyond question that the authority to determine rules of practice and procedure rests exclusively with this Court. Indeed, this Court's primacy in such matters is established in our 1963 Constitution[.]
>
> * * *
>
> This exclusive rule-making authority in matters of practice and procedure is further reinforced by separation of powers principles. Thus, in *Perin v Peuler (On Rehearing)*, 373 Mich 531, 541; 130 NW2d 4 (1964), we properly emphasized that "[t]he function of enacting and amending judicial rules or practice and procedure has been committed exclusively to this Court . . .; a function with which the legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will."
>
> At the same time, it cannot be gainsaid that this Court is not authorized to enact court rules that establish, abrogate, or modify the substantive law. Rather, as is evident from the plain language of art 6, § 5, this Court's constitutional rule-making authority extends *only* to matters of practice and procedure. Accordingly, . . ., we must determine whether the statute addresses purely procedural matters or substantive law. [Citations omitted.]

It is beyond rational argument that the question whether a pleading can be amended as a matter of course or right or whether a motion for leave to amend must be filed is indeed purely an issue of practice and procedure, falling within the exclusive province of our Supreme Court. The matter does not concern substantive law. It was well within the realm of the Supreme Court's authority to alter the amendment procedure enacted by the Legislature. Accordingly, the procedure set forth in MCR 2.112(K)(4) governs, and plaintiff proceeded properly in timely filing an amended complaint against Samsung, absent the need to file a motion for leave to amend.

### 3. PERIOD OF LIMITATIONS AND THE RELATION-BACK PROVISION

Finally, plaintiff was also entitled to the protection of the relation-back provision in MCL 600.2957(2); therefore, the trial court erred in summarily dismissing her action against Samsung on the basis that the period of limitations had elapsed. Again, the second sentence in MCL 600.2957(2) provides that "[a] cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action." Samsung argues that because the Legislature referred to an action "added under this subsection" for purposes of the relation-back provision, the relation-back provision is rendered inapplicable if an identified nonparty at fault, such as

Samsung, is added to the suit *under MCR 2.112(K)(4)*. We disagree and hold that the relation-back language remains valid and applicable under our ruling.

The Supreme Court was silent in MCR 2.112(K) with respect to the statutory relation-back provision in the context of a party amending a pleading as a matter of course or right within the 91-day period. That silence cannot be viewed as acceptance of the proposition that a pleading amended consistent with the court rule is not to be afforded the protection of the statutory relation-back provision. Despite the fairly convoluted procedural component of the first sentence in MCL 600.2957(2), the substantive component reflected the Legislature's intent to allow a party, in all instances if done so timely, to amend a pleading to add an identified nonparty at fault. The Supreme Court's adoption of MCR 2.112(K)(4) fully honored that substantive goal and intended outcome, merely altering, simplifying, and, yes, bettering the process to achieve the goal and outcome, with the substantive component of the first sentence of MCL 600.2957(2) remaining alive and well. Our ruling follows down that same path. Samsung fails to understand that the Supreme Court's action in promulgating MCR 2.112(K)(4) was intended to provide assistance and details in implementing MCL 600.2957(2) where needed, not to nullify by silence the Legislature's clear desire to allow the relation back of an amended pleading for purposes of a given period of limitations. The Michigan Supreme Court left that matter untouched and the relation-back provision fully enforceable.

## 4. RESPONSE TO THE CONCURRENCE

Our concurring colleagues would hold that the statute and court rule do not conflict and can be harmonized, allowing a party the choice between filing a motion for leave that must be granted or simply filing an amended pleading. We respectfully disagree with this assessment. In effect, the concurring opinion reflects a conclusion that our Supreme Court intended to allow for the continuing viability of the statutory "leave" process, while providing parties the alternative option of filing an amended pleading as a matter of right under the court rule. First, nothing in the plain language of MCR 2.112(K)(4) lends itself to such a construction. Further, we cannot imagine that the Supreme Court intended to leave in place a procedure that, quite frankly, makes no sense and is illogical.[4] Instead, our Supreme Court plainly intended, consistent with Const 1963, art 6, § 5, to "simplify" the amendment procedure and intended, consistent with MCR 1.104, to "supersede[]" the statutory rule of practice enacted by the Legislature, eliminating the "leave" process found in MCL 600.2957(2).

It is not that the Supreme Court intended to create a conflict just for the sake of creating a conflict; rather, the Court intended to streamline the amendment process, the result of which was the creation of a conflict between the court rule and the statute. Again, there is a clear distinction between amendment by right and amendment by leave. Amendment by right permits the immediate filing of an amended pleading, while amendment by leave necessitates the filing of a

---

[4] Indeed, on the subject of the Legislature enacting a provision that calls for the filing of a motion *and then dictates how a court must rule on the motion*, we seriously question whether such a practice or procedure can survive principles regarding the separation of powers, Const 1963, art 3, § 2.

-9-

motion, engagement in procedures associated with motion practice, including the payment of a motion fee, approval by a court, and *then* the formal filing of the amended pleading. The fact that the court's ruling is predetermined under the statute does not make the procedures – amendment by right and amendment by leave – interchangeable or the same, given that a party must still preliminarily jump through all the hoops connected to a motion for leave, which are almost entirely avoided with an amendment by right.

## V. CONCLUSION

We hold that there exists a conflict, on a matter of procedure, between the provisions of the court rule and the statute relative to whether a party must file a motion for leave to amend a pleading to add an identified nonparty at fault to an action, as provided by MCL 600.2957(2), or may simply file an amended pleading as a matter of course or right, as provided by MCR 2.112(K)(4), absent the need to seek court authorization for the amendment. We also conclude that there is no conflict between the statute and the court rule on the substantive principle and intended outcome that a party will in fact be given an opportunity to pursue and litigate an amended pleading, assuming compliance with the 91-day deadline. We further hold that the Michigan Supreme Court, in crafting the court rule and with the goal of judicial expediency and efficiency, intended to alter or streamline the process outlined by the Legislature, allowing a party to directly file an amended pleading, instead of needlessly forcing the party to file a motion for leave to amend, which a court is mandated to grant under MCL 600.2957(2) without exception. We additionally hold that our Supreme Court, under it constitutional authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state," Const 1963, art 6, § 5, was indeed empowered to modify and simplify the process set forth by the Legislature in MCL 600.2957(2). Finally, we hold that the relation-back provision contained in the second sentence of MCL 600.2957(2) is fully applicable, regardless of the fact that MCR 2.112(K)(4) ultimately controls the process with respect to amending a pleading to add an identified nonparty at fault. Accordingly, we reverse the trial court's order granting summary disposition in favor of Samsung.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Having fully prevailed on appeal, taxable costs are awarded to plaintiff under MCR 7.219.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello