RINKE v POTRZEBOWSKI

Docket No. 236031. Submitted November 12, 2002, at Lansing. Decided December 13, 2002, at 9:10 A.M.

James Rinke brought an action in the Oakland Circuit Court against Brian Potrzebowski, seeking damages related to a collision between the plaintiff's automobile and the defendant's automobile. The defendant filed a notice of nonparty fault under MCR 2.112(K), MCL 600.2957, and MCL 600.6304, as well as a motion in limine seeking permission to argue to the jury that the unknown driver of a third vehicle had acted negligently by waving the defendant through the intersection where the collision occurred. The court, William E. Bolle, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held*:

The plain language of the statutes and the court rule permits a defendant to argue that a portion of fault should be attributed to an unidentifiable tortfeasor.

1. Except in certain limited circumstances, the Legislature abolished joint liability in tort actions. Now the liability of each defendant is several only. The trier of fact is to determine the liability of each person in proportion to the person's percentage of fault, regardless of whether the person is, or could have been, named as a party to the action. Fault assessed against a nonparty does not determine the nonparty's liability; rather, it is used only to accurately determine the fault of the named parties.

2. Under the statutory scheme, as implemented by our court rules, the fault of a nonparty cannot be considered unless the defendant gives timely notice of such a claim. The notice must designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault. The defendant is not required to specifically identify the nonparty, but only to identify the nonparty as best the defendant is able.

3. A plaintiff is not required to join a nonparty as a party defendant. If a nonparty is not joined in an action for whatever reason,

the trier of fact may nonetheless determine that person's percentage of fault.

Reversed and remanded.

TORTS — NONPARTIES AT FAULT — UNIDENTIFIABLE NONPARTIES.

The plain and unambiguous language of the statutes and the court rule that govern the allocation of fault among parties and nonparties to an action in tort permits a defendant to argue that a nonparty is at fault though the nonparty cannot be identified (MCL 600.2957, 600.6304; MCR 2.112[K]).

*LeeRoy H. Temrowski, Jr.*, for the plaintiff.

*Moblo & Fleming, P.C.* (by *Richard E. Moblo*), for the defendant.

Before: MARKEY, P.J., and SAAD and SMOLENSKI, JJ.

SAAD, J. Defendant appeals from a circuit court order denying his motion to allow notice of nonparty fault.[1] We reverse and remand. Because the narrow legal issue of first impression is uncomplicated and capable of resolution by a plain reading of the statute, we decide this appeal without oral argument.[2]

---

[1] Defendant appeals by leave granted.

[2] We decide this case pursuant to MCR 7.214(E), which provides in part:

Cases may be assigned to panels of judges for appropriate review and disposition without oral argument as provided in this subrule.

(1) If, as a result of review under this rule, the panel unanimously concludes that

(a) the dispositive issue or issues have been recently authoritatively decided;

(b) the briefs and record adequately present the facts and legal arguments, and the court's deliberation would not be significantly aided by oral argument . . . .

## I. FACTS AND PROCEDURAL HISTORY

On June 12, 2000, plaintiff drove eastbound along Auburn Road and entered the left turn lane near the intersection of Auburn and Crooks Road in order to turn left onto Crooks. Simultaneously, defendant attempted to turn left onto Auburn Road from a gasoline station near the corner of Auburn and Crooks. Defendant says that, as he inched out into traffic, the driver of a large white van stopped in order to create a gap in traffic through which defendant could make his left turn. Defendant also says that the driver of the van waved him on, and that he understood this to mean that the way was clear to complete his left turn. However, as defendant moved across the eastbound lanes of Auburn and into the left turn lane, he hit the right side of plaintiff's vehicle. As a result, plaintiff says he sustained serious injuries and that his car, a 1988 vintage vehicle, was totaled.

Plaintiff filed his complaint on July 26, 2000. Thereafter, defendant filed a notice of nonparty at fault under MCR 2.112(K), MCL 600.2957, and MCL 600.6304, and indicated his intent to argue to the jury that the unknown driver of the white van acted negligently by waving defendant through and thereby causing the accident. Much later, plaintiff served objections to the notice of nonparty at fault and defendant then filed a motion in limine to allow the issue to be presented at trial. The trial court denied defendant's motion in an order entered on July 26, 2001. We granted leave to appeal to decide this issue of first impression.

## II. ANALYSIS

The precise legal question presented by these facts is whether MCL 600.2957, MCL 600.6304, and MCR 2.112(K), which govern allocation of fault among parties and nonparties, permit a defendant to argue that a percentage of fault should be attributed to an unidentifiable nonparty. We conclude that the plain language of the statutes and the court rule permits a defendant to argue that a portion of fault should be attributed to an unidentifiable tortfeasor.

Statutory interpretation is a question of law that we review de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). The rules of statutory construction require the courts to give effect to the Legislature's intent. This Court should first look to the specific statutory language to determine the intent of the Legislature. The Legislature, of course, is presumed to intend the meaning that the words of the statute plainly express. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996). If, as here, the language is clear and unambiguous, the plain and ordinary meaning of the statute reflects the legislative intent and judicial construction is neither necessary nor permitted. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135-136; 545 NW2d 642 (1996).[3]

---

[3] If reasonable minds could differ regarding the meaning of the words used in the statute, judicial construction becomes necessary. *Yaldo v North Pointe Ins Co*, 457 Mich 341, 346; 578 NW2d 274 (1998). If judicial interpretation is necessary, the Legislature's intent must be gathered from the language used, and the language must be given its ordinary meaning. In determining legislative intent, statutory language is given the reasonable construction that best accomplishes the purpose of the statute. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The court cannot read into a statute anything "that is not

Except in certain limited circumstances, the Legislature abolished joint liability in tort actions. *Smiley v Corrigan*, 248 Mich App 51, 55; 638 NW2d 151 (2001). Now the liability of each defendant is several only. MCL 600.2956.[4] The trier of fact is to determine the liability of each person in proportion to the person's percentage of fault, "regardless of whether the person is, or could have been, named as a party to the action." MCL 600.2957(1); MCL 600.6304(1). Fault assessed against a nonparty does not determine the nonparty's liability; rather, it is "used only to accurately determine the fault of named parties." MCL 600.2957(3).

Under the statutory scheme, as implemented by our court rules, the fault of a nonparty cannot be considered unless the defendant gives timely notice of such a claim. MCR 2.112(K)(2), and (3)(a) and (c). The notice must "designate the nonparty and set forth the nonparty's name and last known address, or the *best identification of the nonparty that is possible*, together with a brief statement of the basis for believing the nonparty is at fault." MCR 2.112(K)(3)(b)

---

within the manifest intent of the Legislature as gathered from the act itself." *In re SR*, 229 Mich App 310, 314; 581 NW2d 291 (1998). These same principles govern interpretation of court rules. *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002).

[4] As this Court held in *Smiley, supra* at 53:

As part of Michigan's tort reform legislation of 1995, the Legislature replaced the common-law doctrine of joint and several liability among multiple tortfeasors with the doctrine of several liability. Under the former system, any one of multiple tortfeasors could be responsible for all damages awarded to the plaintiff, notwithstanding that the individual tortfeasor was only partially at fault for the injuries or damages sustained by the plaintiff. Under the statutory several liability system, defendants now are only accountable for damages in proportion to their percentage of fault.

(emphasis added). Such information permits the plaintiff to amend his complaint to join the nonparty as a party defendant. MCL 600.2957(2); MCR 2.112(K)(4). Again, the language of the court rule is clear: The defendant is not required to specifically identify the nonparty, but only to identify the nonparty as best he can.

Pursuant to the statutes and the express language of the court rule, defendant gave timely notice but, as a result of his inability to identify with any specificity the nonparty, plaintiff cannot sue the "nonparty" directly. However, a plaintiff is not required to join a nonparty as a party defendant; the language of both the applicable court rule and statute is discretionary rather than compulsory.[5] If a nonparty is not joined in an action for whatever reason, the trier of fact may nonetheless determine that person's percentage of fault. Under the plain language of the statutes, the inability to identify the nonparty, as here, does not preclude a finding that the unidentified nonparty contributed to the damages. Neither MCR 2.112(K) nor the statutes contain an exception for nonparties who cannot be identified sufficiently to sue them. To the contrary, the plain language of the statutes allows the trier of fact to allocate fault to a nonparty "regardless of whether the person was or could have been named as a party to the action." MCL 600.6304(1)(b); MCL 600.2957(1). Accordingly, we find that the plain and unambiguous language of the statutes and the court

---

[5] MCL 600.2957(2) provides that a plaintiff can move to amend his complaint and MCR 2.112(K)(4) provides that a plaintiff "may file" an amended complaint.

rule permits a defendant to argue[6] that a nonparty is at fault though the nonparty cannot be identified.

Reversed and remanded. We do not retain jurisdiction.

---

[6] Of course, plaintiff may question defendant's version of this incident and the jury may choose to believe or disbelieve defendant.