HOLTON v A+ INSURANCE ASSOCIATES, INC

Docket No. 234134. Submitted February 5, 2003, at Detroit. Decided February 11, 2003, at 9:05 A.M.

Nancy L. and Jess A. Holton brought an action in the Livingston Circuit Court against A+ Insurance Associates, Inc., and Richard Kujala, seeking to recover a shortfall in insurance proceeds after a house fire, claiming that the defendants negligently failed to procure adequate homeowner's insurance for the plaintiffs' house after the plaintiffs remodeled the house. The defendants filed a motion of nonparty fault under MCR 2.112(K)(3)(a), claiming that the plaintiffs and the construction company that installed a new roof on the house were wholly or partially responsible for the fire and that liability for the plaintiffs' damages should be allocated under the statutory provisions for comparative negligence. The court, Stanley J. Latreille, J., granted the plaintiffs' motion to strike the notice of nonparty fault, noting that the defendants were the only parties potentially responsible for the alleged failure to procure adequate insurance but that the defendants could argue that the plaintiffs were responsible for the lack of insurance coverage. The defendants appealed from that order by leave granted.

The Court of Appeals held:

The trial court properly granted the motion to strike the notice. The provisions of comparative negligence apply to the plaintiffs' action because it is an action based on tort. However, the proper allocation of comparative fault does not permit an allocation of fault for causing the fire, which is merely the underlying basis of the claim alleging failure to provide adequate insurance. The wrongful conduct alleged by the defendants did not cause the lack of insurance. The trial court properly held that the defendants could seek to apportion under the statutory provisions for comparative fault the plaintiffs' alleged liability for the lack of insurance.

Affirmed.

INSURANCE — COMPARATIVE FAULT — ALLOCATION OF FAULT.

A defendant insurer is not entitled to an allocation of fault with regard to its insured's conduct or the conduct of a third party in causing a property loss where the insured, in an action, seeks to recover for a shortfall in insurance coverage for the loss on the

basis of the insurer's alleged negligence in failing to provide the plaintiff adequate insurance coverage; a proper allocation of comparative fault does not permit an allocation of fault for causing the loss that is merely the underlying basis of the claim for the failure to procure adequate insurance to cover the loss.

*Kerr, Russell and Weber, PLC* (by *Mark M. Cunningham* and *Christopher L. Kerr*), for the plaintiffs.

*Liedel, Grinnan & Liedel, P.C.* (by *William J. Liedel*), for the defendants.

Before: MURPHY, P.J., and CAVANAGH and NEFF, JJ.

PER CURIAM. Plaintiffs filed this action to recover a shortfall in insurance proceeds after a house fire, claiming that defendants negligently failed to procure adequate homeowner's insurance to cover plaintiffs' home after remodeling. We granted defendants' application for leave to appeal an order of the trial court striking defendants' notice of nonparty fault under MCR 2.112(K). We affirm.

I

Plaintiffs carried homeowner's insurance on their home through defendant Richard Kujala, an agent for defendant A+ Insurance Associates, Inc. According to plaintiffs,[1] sometime before July 1999, they substantially remodeled their home and had a new roof installed by a contractor. At that time, they contacted Kujala to increase their insurance coverage in light of their home's increased value.

---

[1] This recitation of facts is based on the parties' briefs, as well as the lower court record, and is not intended to be conclusive with regard to disputed factual issues.

Following the remodeling, plaintiffs encountered water leaks in the roof, allegedly resulting from ice dams that formed because of defects in the roofing work. On January 30, 2000, plaintiff Jess Holton placed an electric heater on the roof in an attempt to melt an ice dam that had formed. Later that evening, the roof caught fire, damaging much of plaintiffs' home and destroying part of the second story. The loss from the fire exceeded the amount of plaintiffs' insurance coverage. The insurance company refused to compensate plaintiffs for the shortfall and claimed that the damages from the fire stemmed from either plaintiffs' negligent decision to place a space heater on the roof of their home or the construction company's installation of a defective roof.

Plaintiffs filed suit against defendants in September 2000 to recover the insurance shortfall. Plaintiffs alleged five causes of action: negligent failure to procure requested coverage; breach of express or implied oral contract; negligent performance of contractual duty; negligent performance of a voluntary undertaking; and negligent failure to advise concerning adequacy of coverage.

Defendants filed a notice of nonparty fault under MCR 2.112(K)(3)(a), claiming that plaintiffs and the construction company were wholly or partially liable for plaintiffs' damages and that each should be allocated a percentage of fault under Michigan's statutory provisions for comparative negligence. Plaintiffs argued that any consideration of fault with regard to the roof work and the fire was improper because their action sought recovery for defendants' negligent failure to procure insurance and, therefore, the

notice of nonparty fault under MCR 2.112(K) was inapplicable.

The trial court agreed with plaintiffs, concluding that defendants could not request that liability for the lack of adequate insurance coverage be apportioned to anyone else because defendants were the only parties potentially responsible for plaintiffs' lack of insurance coverage. The trial court granted plaintiffs' motion to strike defendants' notice of nonparty fault, noting, however, that defendants were entitled to argue that plaintiffs were responsible for the lack of insurance coverage.

II

This case presents an issue of first impression concerning the application of comparative fault principles under Michigan's 1995 tort reform,[2] embodied in MCL 600.2957 and MCL 600.6304, to an injury resulting from alleged negligent procurement of insurance coverage. The issue presented is whether a defendant insurer is entitled to an allocation of fault for conduct in an underlying property loss, when a plaintiff seeks recovery for a shortfall in insurance coverage on the basis of the insurer's negligence in procuring insurance. We conclude that in the circumstances presented, allocation of fault for the underlying conduct, i.e., the fire, does not apply to plaintiffs' action to recover a shortfall in insurance proceeds and, therefore, defendants' notice of nonparty fault under MCR 2.112 was improper. The court did not err in

[2] 1995 PA 161 and 1995 PA 249.

granting plaintiffs' motion to strike defendants' notice.

A

This Court reviews a trial court's decision whether to admit evidence for an abuse of discretion. *Chmielewski v Xermac, Inc*, 457 Mich 593, 614; 580 NW2d 817 (1998). The interpretation and application of statutes and court rules present questions of law, which we review de novo. *Staff v Johnson*, 242 Mich App 521, 527; 619 NW2d 57 (2000).

B

With the enactment of tort-reform legislation in 1995, Michigan generally eliminated joint liability in tort actions,[3] creating statutory provisions for the allocation of fault among all those liable for the plaintiff's injury or death, including nonparties to an action. MCL 600.2956, MCL 600.2957, and MCL 600.6304; *Rinke v Potrzebowski*, 254 Mich App 411; 657 NW2d 169 (2002); *Kokx v Bylenga*, 241 Mich App 655, 662-663; 617 NW2d 368 (2000). Under the statutory scheme, the fault of a nonparty may not be considered unless a defendant gives timely notice of the claim pursuant to MCR 2.112(K). MCR 2.112(K)(2); *Rinke, supra* at 415.

Defendants argue that the trial court abused its discretion in holding that MCR 2.112 could not be

---

[3] With certain exceptions, which are not here at issue. See *Kokx v Bylenga*, 241 Mich App 655, 662 n 3; 617 NW2d 368 (2000) (joint liability remains under certain circumstances, e.g., medical malpractice cases, criminal gross negligence, certain crimes involving the use of alcohol or controlled substances).

applied to introduce evidence of plaintiffs' and the nonparty contractor's fault in causing the home fire and thereby allow a finding that plaintiffs and the nonparty contractor are liable for a percentage of plaintiffs' claimed damages in the action against defendants. We disagree.

1

Our first consideration is whether the provisions for comparative negligence apply to plaintiffs' action. We conclude that they do. MCR 2.112(K) states that it "applies to actions for personal injury, property damage, and wrongful death to which MCL 600.2957; MSA 27A.2957 and MCL 600.6304; MSA 27A.6304, as amended by 1995 PA 249, apply." MCR 2.112(K)(1). Plaintiffs correctly note that the rule, by its language, appears to limit its application to three types of actions, arguably excluding plaintiffs' action for lost insurance proceeds. However, we conclude that the rule's applicability is not strictly limited to those three actions, given the qualifying language and reference to MCL 600.2957 and MCL 600.6304, which expressly provide for broader applicability of comparative fault. MCL 600.2957 and MCL 600.6304 apply the comparative negligence allocation of fault to "an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death . . . ." MCL 600.2957(1) and MCL 600.6304(1).[4] Pursuant to the referenced statutory provisions, the trier of

---

[4] This interpretation is in keeping with the general rules of statutory interpretation, which direct that, generally, a modifying clause will be construed to modify only the last antecedent, unless a contrary intent is indicated. *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). Thus, the phrase, "personal injury, property damage, or wrongful

fact in a *tort-based action* must allocate liability among those at fault. *Jones v Enertel, Inc,* 254 Mich App 432, 436; 656 NW2d 870 (2002) (emphasis added).

As this Court observed in *Williams v Arbor Home, Inc,* 254 Mich App 439, 443-444; 656 NW2d 873 (2002), MCR 2.112(K) was essentially intended to implement MCL 600.2957. Reading the court rule and the statutory provisions in conjunction, *Williams, supra,* we conclude that the provisions for comparative negligence apply to plaintiffs' action because it is a tort-based action.

2

Having concluded that the provisions for comparative fault allocation apply to plaintiffs' action, we next consider whether the provisions operate to permit an allocation of fault to plaintiffs and the roofing contractor in plaintiffs' action against defendants for the failure to procure insurance. We conclude that a proper application of comparative fault does not permit an allocation of fault for causing the fire, which is merely the underlying basis of the insurance claim against defendants.

Michigan law recognizes a cause of action in tort for an insurance agent's failure to procure requested insurance coverage, which includes an insurance agent's duty to advise an insured upon a showing of a special relationship. *Haji v Prevention Ins Agency, Inc,* 196 Mich App 84, 87; 492 NW2d 460 (1992); Stein v Continental Cas Co, 110 Mich App 410, 416; 313 NW2d 299 (1981), mod in part in *Harts v Farmers Ins*

---

death" modifies only the phrase "or another legal theory seeking damages."

*Exch*, 461 Mich 1, 11; 597 NW2d 47 (1999). "Where the duty to advise has been breached, the insurance agent is liable for any damages resulting from the breach." *Stein, supra* at 417.

In argument below, defense counsel characterized plaintiffs' action as one arising out of a fire, which defendants contend is a property damage claim. In our view, plaintiffs' action is more properly characterized as arising out of an insurance claim, or more specifically, an insurance property damage claim.

As the trial court noted, defendants' argument poses the classic "but for" argument of causation, which in this context simply extends to further remote causes, i.e., but for someone building the home, plaintiffs would not have suffered a loss. "[T]he adoption of a comparative negligence doctrine does not act to create negligence where none existed before." *Jones, supra* at 437. In an action for negligence, a defendant may not be held liable where there is not a prima facie showing of (1) a duty, (2) breach of that duty, (3) causation, and (4) damages. *Id.; Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000).

Stated simply, plaintiffs' claim is that their damages occurred because of inadequate insurance coverage, not because of the home fire. Their action is premised on defendants' alleged liability for negligence resulting in the lack of proper insurance coverage. Defendants have proffered no evidence showing that plaintiffs' or the contractor's alleged negligence in causing the fire is a factor in whether the resulting property damage would be covered under plaintiffs' homeowner's insurance, which defendants allegedly failed to provide. That is, on the evidence before us, the cause of the fire is no more relevant in this case

than it would be if it related to a purely accidental event, such as a lightning strike. A defendant attempting to mitigate his liability through a comparative fault defense has the burden of alleging and proving that another person's conduct was a proximate cause of the plaintiff's damages. *Lamp v Reynolds*, 249 Mich App 591, 599; 645 NW2d 311 (2002).

Further, to establish the requisite causation between an alleged wrongful act and resulting damages, the actor's conduct must be shown to be both a cause in fact and a legal or proximate cause of the plaintiff's damages. *Id.* at 599-600. While causation is generally a matter for the trier of fact, if there is no issue of material fact, then the issue is one of law for the court. *Reeves v Kmart Corp*, 229 Mich App 466, 480; 582 NW2d 841 (1998); *Dep't of Transportation v Christensen*, 229 Mich App 417, 424; 581 NW2d 807 (1998). It is undisputed that the basis on which defendants sought to apportion liability concerned the cause of the fire, not liability for the failure to provide adequate insurance. The trial court properly determined, as a matter of law, that the wrongful conduct alleged by defendants did not cause the lack of insurance.

III

The trial court correctly ruled that defendants are entitled under the statutory provisions for comparative fault, to seek an apportionment of fault for the alleged liability concerning plaintiffs' lack of insurance, but not with regard to liability for the cause of the fire.

Affirmed.