# STATE OF MICHIGAN

# COURT OF APPEALS

PAULETTE STENZEL,

       Plaintiff-Appellant,

v

BEST BUY COMPANY, INC., and SAMSUNG
ELECTRONICS AMERICA, INC.,

       Defendants-Appellees.

FOR PUBLICATION
June 27, 2017

No. 328804
Ingham Circuit Court
LC No. 14-000527-NO

Before: SERVITTO, P.J., and MURPHY, CAVANAGH, FORT HOOD, BORRELLO, GLEICHER, and SHAPIRO, JJ.

GLEICHER, J. (*concurring*).

The majority holds that a statute and a court rule irreconcilably conflict and that the court rule controls. I would hold that because the statute and the court rule are capable of accommodation, no conflict exists. The two provisions advance precisely the same principle: a party must be permitted to timely add an identified nonparty to a pending case. The statute adds that the statute of limitations for the original claim does not bar the addition if the amendment meets a time deadline. My analysis harmonizes the two provisions and yields the same result reached by the majority.

I

In 1995, the Legislature abrogated joint and several liability in certain tort cases, including this one. In place of joint and several liability, the Legislature constructed a system for allocating fault among all potential tortfeasors, parties and nonparties alike. The system permits a plaintiff to transform an identified nonparty at fault into a party: "Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against the nonparty." MCL 600.2957(2). The thrust of this sentence is clear. By using the word "shall," the Legislature declared that a party has a right to file an amended complaint converting a properly identified nonparty at fault into a party, as long as the filing is accomplished within the 91-day window.

The Legislature foresaw that a newly added party might invoke the statute of limitations as a defense. It limited the availability of this escape-hatch, however, by suspending the running of the statute of limitations: "A cause of action added under this subsection is not barred by a

-1-

period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action." MCL 600.2957(2). The Legislature thus decreed that if a plaintiff could have timely sued the nonparty when she filed her original lawsuit, the nonparty may not invoke the statute of limitations to avoid the suit.

The Supreme Court distilled these commandments in a subsection of MCR 2.112. MCR 2.112(K)(2) creates a notice requirement and MCR 2.112(K)(3) details the information that must be included in the notice. A party served with such notice, the court rule provides, "may file an amended pleading stating a claim or claims against a nonparty within 91 days of service of the first notice identifying that nonparty." MCR 2.112(K)(4). The court rule makes no mention of the statute of limitations, or of the related (and relevant) doctrine known as "relation back." A separate court rule addresses "relation back" as follows:

> An amendment that adds a claim or defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading. [MCR 2.118(D).]

Here, the plaintiff filed a first amended complaint naming Samsung as a defendant without having filed a motion seeking leave to do so. Samsung successfully argued in the trial court that plaintiff's neglect to file a motion nullified her ability to rely on the sentence in MCL 600.2957(2) invalidating a statute of limitations defense. Samsung urged that because plaintiff filed her amended complaint in conformity with the court rule, which does not require a motion, she was bound by the court rule. And since that rule includes no "relation back" language, Samsung contended, plaintiff has no right to enjoy "the best of both worlds" by relying on the statute. In the prior opinion issued in this case, *Stenzel v Best Buy Co, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2016), slip op at 5, this Court elucidated the distinction as follows:

> Notably, unlike the statute, the court rule does not require leave of the court to file an amended complaint adding a nonparty if the amended complaint is filed within 91 days of the notice identifying the nonparty. Further, unlike the statute, the court rule does not expressly provide that the amended complaint will relate back to the date of the original complaint.

The majority holds that the amendment procedure in the statute and court rule conflict, "as the Legislature only contemplated amendment by leave and our Supreme Court called for amendment as a matter of course or right." This conflict must be resolved in favor of the court rule, the majority concludes, as the dispute involves a matter of practice and procedure rather than substantive law. And regardless of the court rule's silence regarding relation back, the majority posits, the Legislature clearly desired "to allow the relation back of an amended pleading," and that statutory provision remains "fully enforceable." Because plaintiff timely filed her amended complaint, the majority concludes, summary judgement was improperly granted to Samsung.

I believe that the two provisions are capable of harmonious coexistence, and would not declare them in conflict.

## II

Other published cases in this Court have explored the very same issue presented here, and with one exception I can add nothing of value to the majority's recount of those decisions. The exception is *Bint v Doe*, 274 Mich App 232, 237; 732 NW2d 156 (2007), in which then-Judge (now Justice) ZAHRA filed a concurring opinion expressing that the statute and court rule did not conflict "merely because the court rule uses the permissive word 'may' while the statute uses the mandatory word 'shall.' " Judge ZAHRA reasoned that the court rule "addresses the conduct of the parties," while the statute "is directed at the conduct of the court." *Id*. at 237-238. These are "consistent," Judge ZAHRA explained:

> The plaintiff may elect to amend the complaint. If the plaintiff so elects, the court shall grant the amendment. There being no conflict between the statute and the court rule, we are bound to implement the remainder of MCL 600.2957(2), which provides that a "cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action. [*Id*. at 238.]

I would expand slightly on Judge ZAHRA's analysis.

Preliminarily, it bears emphasis that "only in cases of irreconcilable conflict" should a court declare that a statute "supplants the Court's exclusive authority under Const 1963, art 6, § 5 to promulgate rules regarding the practice and procedure of the courts." *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). Usually the potential conflict arises when a newly enacted statute clashes with an established rule of procedure—in *Watkins*, MRE 404(b), and in *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999), MRE 702. This case distinctly differs from that norm. Here, the statute came first, and the court rule followed. The court rule was intended as an adjunct to the new nonparty at-fault system. As this Court has previously explained, the Supreme Court promulgated MCR 2.112(K)(4) "to implement MCL 600.2957." *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 324; 661 NW2d 248 (2003).

Indisputably, when the Supreme Court approved MCR 2.112(K)(4), it knew that the Legislature intended to remove the discretion of a trial court to *deny* a timely request to add an identified nonparty at fault as a party defendant: "the court *shall* grant leave to the moving party to file and serve an amended pleading." (Emphasis added.) In other words, when drafting the court rule intended to complement this statute, the Supreme Court understood that a timely request to amend had to be granted. "Upon motion," the words chosen by the Legislature, describe one way of amending. Those words generally mean "at the request of a party." Nothing in the statute precludes a party from achieving the same result—an amendment—by another means.

Accordingly, the Supreme Court evidently decided that the court rule would permit a plaintiff to file an amended complaint adding an identified nonparty as a party without first filing a motion. In my view, the court rule and the statute are entirely consistent with regard to the central and controlling issue: a plaintiff's right to timely amend a complaint to add an identified nonparty at fault as a party. Read together, the two provisions permit a plaintiff to file a motion

to amend, or not. Either way, the result is the same: the amendment must be permitted if it is timely. I see no irreconcilable conflict.[1]

A somewhat analogous case, *Apsey v Mem Hosp*, 477 Mich 120; 730 NW2d 695 (2007), contributes to my reasoning. *Apsey* involved two statutes addressing the notarization of out-of-state affidavits. One statute required that such affidavits include a clerk's certification and seal. The other required only the signature of the notary and an affixed seal. This Court decided that the more specific statute controlled. *Apsey v Mem Hosp* (*On Reconsideration*), 266 Mich App 666; 702 NW2d 870 (2005). The Supreme Court reversed, holding that the two methods of proving a notarial act constituted equally acceptable alternatives, explaining:

> The Legislature need not repeal every law in a given area before it enacts new laws that it intends to operate in addition to their preexisting counterparts. The Legislature has the power to enact laws to function and interact as it sees fit. And when it does so, this Court is bound to honor its intent. [*Id.* at 131.]

In my view, the statute and court rule at issue here are similarly complementary. If a plaintiff wishes to file a motion to add a nonparty, so be it. Strategic reasons may motivate this choice, such as compelling the defendant to respond to certain allegations in the plaintiff's motion, or educating the trial court about the issues. If time is of the essence, a plaintiff may instead elect to simply file an amended complaint. As in *Apsey*, the two alternative methods of accomplishing the same goal can live happily together, side by side.

Nor does a conflict exist regarding "relation back." MCL 600.2957(2) states that the statute of limitations does not bar a "cause of action added under this section" unless the added cause would have been barred when the original case was filed. In essence, this subsection of the statute provides for tolling of the statute of limitations for claims against timely added nonparties at fault. That MCR 2.112(K) does not contain a similar tolling provision is of no moment. I cannot conceive of why the *absence* of a relation back provision would foreclose relation back, given the Legislature's directive that the statute of limitations does not bar a claim against properly added parties. The court rule's mere silence regarding the statute of limitations does not create a conflict. Rather, I would hold that the comprehensive statutory scheme created

---

[1] There is yet another way to resolve this case without declaring a conflict between the statute and the court rule. MCL 600.2301 provides:

> The court in which any action is pending, has power to amend any process, pleading or proceeding such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

Plaintiff's failure to file an amended complaint in this case amount to a harmless error which the trial court should have disregarded.

to replace joint and several liability includes a quasi-tolling provision applicable to added parties that the courts must enforce. Simply put, there is no inconsistency with the language of MCR 2.112(K). The statute specifically covers "relation back." The court rule does not. It would be antithetical to the Legislature's approach to hold that the relation-back provision in MCL 600.2957(2) does not apply. The statute fills in for the court rules' silence on this subject.

Indeed, even comparing the language of MCR 2.118(D) and the statute, I find harmony rather than discord. The former declares that "a claim . . . relates back to the date of the original pleading," and the latter states that "a cause of action added under this subsection is not barred by a period of limitations. . . ." These provisions agree, in my view.[2]

I would decide this case simply and cleanly by holding that plaintiff was permitted by both the statute and the court rule to file her amended complaint with or without first filing a motion to amend, and that the amendment relates back. Because the majority has adopted an analysis that creates constitutional conflict where none need exist, I concur only in the result.


/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[2] I acknowledge that in *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007), the Supreme Court held that the relation-back doctrine codified in MCR 2.118(D) does not encompass the addition of new parties. But when a comprehensive statutory scheme is intended to preempt the common law, the common law must yield. *Jackson v PKM Corp*, 430 Mich 262, 277; 422 NW2d 657 (1988). In crafting MCL 600.2957(2), the Legislature eliminated the common law of joint and several liability in certain tort cases, concomitantly opening the door to the timely addition as a party of a nonparty identified by a defendant as at fault. The nullification of a statute-of-limitations defense to the addition serves as an integral part of this sea change in Michigan law, as it permits the jury to fairly distribute fault among all identified tortfeasors. This clear expression of legislative intent constrains the Supreme Court's common law interpretation of MCR 2.118(D) in cases falling under MCL 600.2957(2).