*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

START-ALL ENTERPRISES, INC.,

      Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY and
DOTY AGENCY, INC.,

      Defendants-Appellees.

UNPUBLISHED
March 28, 2024

No. 361848
Livingston Circuit Court
LC No. 20-030781-CB

Before: M. J. KELLY, P.J., and JANSEN and GARRETT, JJ.

JANSEN, J. (*dissenting*).

For the following reasons, I respectfully dissent. I would affirm the trial court's opinion and order granting summary disposition in favor of defendants, Home-Owners Insurance Company and Doty Agency, Inc.

Plaintiff, Start-All Enterprises, argues that the trial court erred when it granted summary disposition in favor of Home-Owners because the renewal rule applies. I disagree, and would conclude that Home-Owners provided sufficient notice to avoid application of the renewal rule, and was not bound by the previous higher policy limit of $500,000.

At the time of the fire at plaintiff's property, the policy limit was $218,000, plus an adjustment for inflation. As stated by the majority, an insured is obligated to read his or her insurance policy, raise any issues with coverage within a reasonable time after the policy was issued, and if the insured has not read the policy, he or she is still charged with knowledge of its terms. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 394-395; 729 NW2d 277 (2006). An exception to this rule applies when the insurer renews the policy without providing notice to the insured of a reduction in coverage, and therefore the insurer is bound by the previous policy coverage. *Id*. at 395.

Plaintiff's initial insurance policy for the property in 2013 had a $500,000 replacement coverage limit. Plaintiff obtained the policy through its insurance agent, Doty. Following the 2014 renewal, an inspection of the property revealed that there were two buildings on the property, and the total replacement value for both was only $389,559. Home-Owners informed Doty of the

inspection results, a representative of Doty met with Frank Dumas, plaintiff's owner, and the policy was reissued with a limit of $512,000. However, a Home-Owners underwriter reviewed the policy because the building square footage and values did not match the policy limits, and the underwriter told Doty's representative that changes were needed. The policy limit was decreased by approximately $300,000, and Doty's representative received the renewal in 2015, and forwarded it to the Doty agent who handled plaintiff's policy. Doty received the renewal declaration sheet with the new policy limits, and sent it along with an annual renewal letter including the new coverage limits to plaintiff. Plaintiff paid the premium, and renewed the policy with reduced coverage limits again in 2016, 2017, and 2018. The fire occurred at the property in 2019 under the 2018 policy period.

Distinguishing these facts from those in *Casey*, *id*. at 395-396, the majority concludes that plaintiff did not receive actual notice of the coverage reduction, and therefore the renewal rule applies to preclude Home-Owners from enforcing the decreased policy limit for the damage caused by the fire. I would disagree. The declaration sheets and renewal letters issued each year clearly stated the new policy limit, and plaintiff had the duty to read and familiarize itself with its policy. Had plaintiff compared its coverage limits to previous years, the reduction would have been plain. I do not believe that *Casey* should be read so narrowly as to require some "red flag" or "magic words" in the notice such that the lack of the words "change" or "reduction" renders the notice insufficient. Plaintiff paid the premium for several years before the fire occurred, effectively ratifying the policy, and I do not believe that the renewal rule applies in perpetuity.

Moreover, it is undisputed that Doty is an independent insurance agency, and therefore is an agent of the insured, plaintiff, rather than an agent of the insurer, Home-Owners. See *Al-Hajjaj v Hartford Accident & Indemnity Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359291); slip op at 4. Therefore, Doty had a duty to procure insurance coverage as requested by plaintiff, and this includes the correlating duty to advise the insured. *Holton v A+ Ins Assocs, Inc*, 255 Mich App 318, 324; 661 NW2d 248 (2003). Where this duty is breached, the agent is liable for damages. *Id*. at 325. Here, a representative of Doty had the results of the property inspection indicating the actual square footage and property values. The representative was also informed that the policy limit was decreased. Thus, as to plaintiff's claim against Home-Owners, this case is distinguishable from the caselaw relied upon by the majority because here, the insurance agent, Doty, had actual notice, and since Doty was an agent of plaintiff rather than Home-Owners, this equates to actual notice to plaintiff. See generally *Morgan v Mich Cent R Co*, 57 Mich 430; 25 NW 161 (1885) (knowledge of an agent imputes notice to the principal).

Moreover, as to plaintiff's negligence claim against Doty,[1] since the declaration sheets and renewal letters provided sufficient notice, there was no additional duty of Doty to provide more

---

[1] See *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 234; 859 NW2d 723 (2014) (stating that a claim of failure to procure against an insurance agent is a negligence claim). As with any claim of negligence, plaintiff was required to prove: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Abdelmaguid v Dimensions*

notice, and as such, no breach of any duty by Doty. Although Doty had a duty to procure insurance as requested by plaintiff, *Holton*, 255 Mich App at 324, this duty does not require Doty to procure insurance that plaintiff was not entitled to. The $500,000 policy limit requested by plaintiff was clearly contrary to the valuations from the inspection. Again, this establishes no breach of duty by Doty. Because there is no genuine issue of material fact that Doty did not breach any legal duties owed to plaintiff, I would affirm summary disposition in favor of Doty as well.

/s/ Kathleen Jansen

---

*Ins Group, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 361674); slip op at 6 (quotation marks and citation omitted).