*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID BROWN, Personal Representative of the
ESTATE OF DAWSON L. BROWN, JERRY M.
SOVA, JR., Personal Representative of the ESTATE
OF KOLE ALFRED PHILIP SOVA, AMY S.
SATTERTHWAITE and WILLIAM R. MAYS, SR.,
Co-Personal Representatives of the ESTATE OF
WILLIAM RICHIE MAYS, JR., KURTIS B. STITT,
and RAYFIELD JOHNSON II,

UNPUBLISHED
September 27, 2024
8:50 AM

Plaintiffs-Appellants,

v

LIVE NATION WORLDWIDE, INC.,

Defendant/Cross-Defendant/Cross-
Plaintiff-Appellee,

and

MICHIGAN INTERNATIONAL SPEEDWAY,
LLC,

Defendant/Cross-Plaintiff/Cross-
Defendant-Appellee.

No. 365321
Lenawee Circuit Court
LC No. 2022-226896-NO

Before: MALDONADO, P.J., and PATEL and HOOD, JJ.

MALDONADO, P.J. (*dissenting*).

Because there are questions of fact regarding whether defendants breached their duty to provide plaintiffs with a safe campground and because it is a jury's job to apportion fault between defendants and plaintiff, I would reverse the trial court's order granting summary disposition in favor of defendants. Accordingly, I dissent.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Anderson v Transdev Servs, Inc*, 341 Mich App 501, 508; 991 NW2d 230 (2022). To the extent that plaintiffs' claim is for premises liability, they must establish the elements of negligence. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). "Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Id*. (quotation marks and citation omitted). Michigan uses a comparative fault scheme for negligence actions. MCL 600.2957; MCL 600.6304. "A defendant attempting to mitigate his liability through a comparative fault defense has the burden of alleging and proving that another person's conduct was a proximate cause of the plaintiff's damages." *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 326; 661 NW2d 248 (2003).

While the trial court presented this case as a question of duty, the correct focal points of the analysis are breach and comparative negligence. Nobody disputes that defendants owed plaintiffs a duty to provide reasonably safe campsites free from foreseeable risks of harm. Plaintiffs argue that defendants breached this duty by providing unreasonably small campsites, by having too many campsites in the campground, and by failing to have 24/7 security patrols. Defendants dispute these alleged breaches and assert that plaintiffs were at fault because they brought the portable generator and set it up such that exhaust would be vented under the camper. Defendants also argue that the hazard was open and obvious. All three of these issues present questions of fact that, at a minimum, require additional discovery.


## I. BREACH OF DUTY

There is a genuine issue of material fact regarding whether defendants breached the duty owed to plaintiffs. Plaintiffs rely largely on administrative rules regulating campgrounds.

Mich Admin Code, R 325.1556(1) requires that campsites "shall abut on a roadway, shall be of such size and so arranged to provide space for a recreational unit and vehicle parking, and shall have not less than 15 feet of road frontage width and 1,200 square feet of area." However, Mich Admin Code, R 325.1586 allows EGLE to grant variances, and in this case, defendants were allowed to provide campsites as small as 800 square feet but were warned that campsites smaller than 800 square feet were not considered safe. Moreover, the variance was conditioned on the requirement that the campground be provided 24-hour security monitoring and medical dispatch. "[T]he violation of an administrative regulation constitutes evidence of negligence," but unlike violation of a statute, it does not create a rebuttable presumption of negligence. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 721; 737 NW2d 179 (2007).

There are questions of fact regarding whether these guidelines were followed. In particular, plaintiffs assert that the campsites were smaller than 800 feet and that defendants did not provide the required security monitoring. Plaintiffs have already provided some evidence that these regulations were not followed, and additional discovery could have yielded additional information into this matter. Plaintiffs submitted comments on social media posts from other campers at the festival complaining that the campsites were surprisingly small and not meeting their space needs.

Plaintiffs also submitted a news article that stated that new security and medical personnel would be available at the 2022 Faster Horses festival, suggesting that these administrative compliance measures were not in place in 2021. In addition to the evidence regarding compliance with these safety requirements, plaintiffs produced an expert affidavit suggesting that smaller campsites increase carbon monoxide risks. More generally, the expert opined that defendants "failed to mitigate a hazard to which the occupants of the incident RV were exposed causing a dangerous condition at the" campground.

The majority contends that "[p]laintiffs had a superior degree of possession and control of their campsite than Live Nation," but plaintiffs did not have any control over how large their campsite was or over how many people were allowed to use the campground. The different perspectives on control of the land further demonstrates the need for a jury to resolve these issues. The majority emphasizes that plaintiffs "were injured by the carbon monoxide fumes emitted from the improperly vented generator" while overlooking the reality that many people are ignorant of the dangers of carbon monoxide and the safe operation of generators. There is a genuine issue of fact regarding whether it was foreseeable that one of the 1,272 campsites would be set up by someone who did not fully understand how to safely set up a generator. It should be a jury, not a court, that weighs defendants' decision to have generators operating on such small campgrounds against plaintiffs' failure to properly operate their generator. Put differently, a jury should decide whether defendants' decision to operate with such small campgrounds unreasonably increased the risk that someone would make this mistake. The literature referenced by the majority is certainly relevant evidence but is not definitive. The majority opinion would certainly make persuasive closing arguments on behalf of defendants, but it demonstrates a misunderstanding of a court's role in these matters.

## II. COMPARATIVE NEGLIGENCE

Defendants argue that plaintiffs were at fault for the injuries because plaintiffs brought the generator to MIS's property and then failed to set it up in a safe manner. Defendants correctly assert that plaintiffs created the specific hazard involved in this tragedy, and there certainly are questions of fact regarding the prudence of plaintiffs' actions in this case. However, there are also questions of fact regarding the foreseeability of the harm caused by plaintiffs and whether an ordinary guest at the music festival would understand the risks associated with such a generator's exhaust. The expert opined in his affidavit that it was unreasonable for defendants to believe that all of the campers would understand these risks, and the social media comments noted in section II.A, *supra*, indicated that there were other people at the campground who set their generators up in a manner similar to plaintiffs. While plaintiffs likely played a role in bringing about this tragedy, there remain questions regarding the apportionment of fault, and comparative negligence is generally resolved by juries. See *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 33; 761 NW2d 151 (2008).

The majority fails to recognize that this case is about the extent to which plaintiffs' injuries were caused by defendant's failure to provide safer camping conditions compared to plaintiffs' failure to properly operate the generator. The majority decided as a matter of law that plaintiffs were entirely at fault, but fault in this case should have been apportioned by a jury as a matter of fact.

### III.  OPEN AND OBVIOUS

Finally, defendants argue that they are not liable because the hazard was open and obvious. We conclude that this likewise presents a question of fact.  "With regard to adult invitees, whether a danger is open and obvious is judged from an objective standard, considering whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Estate of Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 158; 923 NW2d 894 (2018) (quotation marks and citation omitted).  "[A] plaintiff's actions may be used as evidence of how a reasonable person would confront a dangerous condition." *Gabrielson v The Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364809); slip op at 6.  The open and obvious doctrine is a question of fact that pertains to breach of duty and comparative fault.  *Id.*, citing *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; 1 NW3d 44 (2023).

There is a question of fact that should be decided by a jury regarding whether the hazard was open and obvious.  It is true that the generator was put in place by plaintiffs and that it was openly observable that the generator was venting under the camper.  However, there are questions regarding whether "an average person with ordinary intelligence would have" recognized the risks posed by this generator.  *Godwin*, 325 Mich App at 158.  Indeed, the fact that plaintiffs were at a campsite with several people who did not recognize the hazard is evidence that it was *not* open and obvious.  See *Gabrielson*, ___ Mich App at ___; slip op at 6.  Further, the unrebutted expert referenced above opined that it was unreasonable for defendants to expect that all of the attendees at the festival would understand these risks, and the messages referenced above suggest that many people had their generators set up in similar manners.

In conclusion, I would reverse the trial court's decision to grant summary disposition in favor of defendants and remand this to be decided by a jury.


/s/ Allie Greenleaf Maldonado