*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL BRIGGS and KATLYN JENNO,

　　　　　Plaintiffs-Appellees,

v

BARRINGTON ROMULUS APARTMENTS, LLC,

　　　　　Defendant-Appellant,

and

HILL'S SUPPORT SERVICES, INC. and LOUIS HILL,

　　　　　Defendants.

UNPUBLISHED
April 16, 2025
12:32 PM

No. 369312
Wayne Circuit Court
LC No. 23-005470-NO

Before: MALDONADO, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

In this negligence action, defendant, Barrington Romulus Apartments, LLC, (Barrington), appeals by leave granted the trial court's order denying its motion for summary disposition under MCR (C)(10) (no genuine issue of material fact).[1] We reverse and remand for further proceedings.

This lawsuit arises out of an assault on plaintiffs, Michael Briggs and Katlyn Jenno, that occurred at the apartment complex. The complex has 26 buildings with 212 units. Each building has two exterior doors that lock in place once shut and requires a key for entry. Moreover, each unit has a buzzer to allow tenants to remotely allow access to visitors.

---

[1] *Briggs v Barrington Romulus Apartments LLC*, unpublished order of the Court of Appeals, entered May 23, 2024 (Docket No. 369312).

Defendant, Louis Hill (Hill), is the owner of defendant, Hill's Support Services, Inc. (HSS), a service provider for the mentally impaired and developmentally disabled. In 2018, HSS signed an agreement with Barrington to provide housing for their clients.

In March 2021, Briggs moved into Barrington. Within two weeks of moving in, Briggs began to regularly visit the leasing office to report problems with his apartment building's exterior doors. The exterior doors were often being propped open or failing to lock.

In August 2021, Jenno moved in with Briggs. A month later, one of HSS's clients broke down the front door of Briggs's apartment after entering the building and assaulted Jenno and Briggs. As a result, plaintiffs filed this lawsuit alleging that Barrington was negligent in failing to repair and maintain functioning locks on the exterior doors.

Numerous depositions were taken during these proceedings. Stacy Ann Snyder and Kati Mayhew, leasing agents and property managers at Barrington, testified they remembered Briggs complaining about the exterior doors. Snyder testified she often checked to make sure the exterior doors were locked because people often propped them open or broke the locks. Gordon Drucker, Barrington's owner, testified he noticed exterior doors were being purposely propped open on a visit to the apartment complex. Drucker ordered new locks for all exterior doors.

Although Jenno testified that she did not know "for sure" how the assailant entered the building, she believed that he had entered via the courtyard door because she witnessed him outside the window immediately before the assault. Jenno also testified the courtyard door was propped open almost every day and that it usually did not close all the way, requiring a push to lock it. But Briggs testified that both building doors locked if they were actually latched, while Jenno testified that the door leading to the street, unlike the courtyard door, would never close.

Barrington moved for summary disposition, arguing plaintiffs could not establish the defective locks were the cause of their injuries because they could not definitively establish how the assailant entered their building. At the hearing on Barrington's motion, the trial court held that a question of fact existed as to causation and denied the motion.[2]

On appeal, Barrington contends the trial court erred in denying its motion for summary disposition because plaintiffs cannot establish the necessary element of causation to prove negligence. We agree.

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted). "De-novo review means that [this Court] review[s] the legal issue independently,

---

[2] More specifically, the court determined:

> [T]here exists a question of fact on the causation of the incident and whether or not the locks on the doors were adequately maintained, whether they were broken and [Barrington] breached their duty to Plaintiff [sic], or whether the doors were simply propped open by other residents.

without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis, quotation marks, and citations omitted).]

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition. . . ." *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684 n 4; 965 NW2d 707 (2020) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018) (quotation marks and citation omitted). "While causation is generally a matter for the trier of fact, if there is no issue of material fact, then the issue is one of law for the court." *Holton v A+ Ins Assocs, Inc*, 255 Mich App 318, 326; 661 NW2d 248 (2003).

"In a premises-liability action, as in any negligence action, the plaintiff must establish the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injury, and (4) the plaintiff suffered damages." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). On appeal, defendant challenges only the element of causation.

When analyzing causation, "two causation concepts work in tandem." *Nathan, Trustee of Estate of Charles v David Leader Mgmt, Inc*, 342 Mich App 507, 522; 995 NW2d 567 (2022) (quotation marks and citation omitted).

> First, a plaintiff must demonstrate that "but for" the defendant's negligence, the plaintiff's injury would not have occurred. Once a plaintiff produces the factual support establishing a logical sequence of cause and effect, the plaintiff must also come forward with evidence supporting that the actual cause was proximate, meaning that it created a foreseeable risk of the injury the plaintiff suffered.

> Put differently, proximate cause considers whether the harm caused to the plaintiff was the general kind of harm the defendant negligently risked. [*Id*. at 522-523 (citations omitted).]

Barrington moved for summary disposition arguing that plaintiffs could not definitively establish causation. A motion for summary disposition under MCR 2.116(C)(10) must be

supported by evidence. MCR 2.116(G)(4). "[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (citation omitted). To meet this burden, "the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* (citation omitted) "The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id.*

In this case, Barrington met its burden. Barrington presented evidence that entry to the apartment building could occur independent of any alleged breach of its duty to maintain the door locks. Specifically, the assailant could have entered the building by using the door at the same time as somebody else or by buzzing another apartment because each apartment had a buzzer to remotely allow people access inside. Alternatively, multiple people testified the exterior doors at the apartment complex were constantly being propped open. And, although it was possible that the assailant entered by a defective exterior door lock, it was equally as possible as any of Barrington's proffered theories. See *Skinner*, 445 Mich at 164.

Once Barrington met its burden, plaintiffs were required to establish a genuine issue of fact existed regarding causation. It is insufficient "to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Skinner*, 445 Mich at 164-165. "All that is necessary is that the proof amount to a reasonable likelihood of probability rather than a possibility. The evidence need not negate all other possible causes, but such evidence must exclude other reasonable hypotheses with a fair amount of certainty." *Id.* at 166 (quotation marks and citation omitted.) "A plaintiff may rely on circumstantial evidence to establish causation, but the circumstantial proof 'must facilitate reasonable inferences of causation, not mere speculation.' " *Nathan, Trustee Estate of Charles*, 342 Mich App at 523, quoting *Skinner*, 445 Mich at 164.

In response to Barrington's motion for summary disposition, plaintiffs asserted causation was a question for the jury, and argued several factors caused the assaults, stating: "[T]he inadequacy of the outside locks, the dangerousness of [the assailant], and the failure to take mandatory actions to ensure that [the assailant] was taking his medications, combined to bring about the tragic result. As such, questions of fact are created as to causation, precluding summary disposition." Beyond the claimed defectiveness of the locks, none of the factors plaintiffs mentioned address how the assailant entered the building. Plaintiffs speculated he likely entered through the courtyard door because Jenno testified she saw him in the courtyard; however, plaintiffs failed to offer any evidence supporting this theory. Moreover, according to Jenno, the courtyard door was propped open nearly every day in the month she lived at the apartment complex and, while it required a push, the courtyard door did lock. Plaintiffs offered no evidence indicating it was more likely the assailant accessed the building because of a defective lock rather than by a propped-open door or by any of Barrington's alternate theories. Plaintiffs failed to exclude other reasonably possible explanations as to how the assailant accessed the building, and, therefore,

failed to establish a question of fact regarding causation.[3]  See *Skinner*, 445 Mich at 165-166; *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 289; 933 NW2d 732 (2019) ("Speculation cannot create a question of fact.").[4]

The trial court erred in denying Barrington's motion for summary disposition because plaintiffs failed to establish that Barrington's alleged negligence was a proximate cause of their injuries.  Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Anica Letica
/s/ Randy J. Wallace

---

[3] The reports prepared by plaintiff's expert witnesses do not preclude summary disposition.  The duty to interpret and apply the law is allocated to the courts, not expert witnesses. *Mich Charitable Gaming Ass'n v Michigan*, 310 Mich App 584, 591; 873 NW2d 827 (2015).

[4] We further note that plaintiffs also alleged Barrington breached a statutory duty under MCL 554.139 (covenants in lease of residential premises).  Plaintiffs' claim in this regard likewise relied upon its allegation that the assailant entered the building because of a defective door lock.  Because plaintiffs failed to establish defective locks were the cause in fact of their injuries, their claim under MCL 554.139 must also fail.  Further, MCL 554.139(1)(a) only requires lessors to maintain common areas in a condition fit for their intended use, not "in an ideal condition or even in the most accessible condition possible." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 637; 971 NW2d 716 (2021).  Therefore, *if* the assailant had entered through the courtyard door, it was fit for its intended use because both Briggs and Jenno testified that it would lock.  Additionally, under *Allison v AEW Capital Mgt, LLP*, 481 Mich 419; 751 NW2d 8 (2008), a cause of action under MCL 554.139 arises out of a contractual relationship between a landlord and a tenant, and a cause of action for violation of the statute could not be maintained against non-parties to the lease agreement like Jenno.